MARTORELL LAW APC
Eduardo Martorell, State Bar No. 240027
EMartorell@Martorell-Law.com
Jean-Paul Le Clercq, State Bar No. 248818
JPLeClercq@Martorell-law.com
JoAnn Victor, State Bar No. 121891
JVictor@Martorell-Law.com
Playa District
6100 Center Drive, Suite 1130
Los Angeles, California 90045
Tel: (323) 840-1200
Fax: (323) 840-1300

Attorneys for Plaintiff/Counterclaim
Defendant Metricolor LLC and Third-
Party Defendants Salvatore D'Amico
and Stephen D'Amico

*Counsel continued on next page*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| METRICOLOR LLC,<br><br>    Plaintiff and Counterdefendant,<br><br>    v.<br><br>L'ORÉAL USA, INC.; L'ORÉAL USA PRODUCTS, INC.; L'ORÉAL USA S/D, INC.; REDKEN 5TH AVENUE NYC, LLC; and DOES 1 through 100, inclusive,<br><br>    Defendants, Counterclaimants, and Third-Party Plaintiffs,<br><br>    v.<br><br>SALVATORE D'AMICO, and STEPHEN D'AMICO,<br><br>    Third-Party Defendants. | Case No. 2:18-cv-00364-CAS-Ex<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:  January 16, 2018<br>Trial Date:          November 30, 2021 |

1

2   JOSEPH A. CALVARUSO (*pro hac vice*)
    jcalvaruso@orrick.com
3   RICHARD F. MARTINELLI (*pro hac vice*)
    rmartinelli@orrick.com
4   ANGELA COLT (CA SBN 286275)
    acolt@orrick.com
5   ORRICK, HERRINGTON & SUTCLIFFE LLP
    51 West 52nd Street
6   New York, NY  10019-6142
    Telephone:  +1 212 506 5000
7   Facsimile:   +1 212 506 5151

8   Attorneys for Defendants, Counterclaimants, and
    Third-Party Plaintiffs
9   L'OREAL USA, INC., L'OREAL USA
    PRODUCTS, INC., L'OREAL USA S/D, INC.,
10  AND REDKEN 5TH AVENUE NYC, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
STIPULATED PROTECTIVE ORDER

1.      A.      <u>PURPOSES AND LIMITATIONS</u>

Discovery and discovery activity in this action involves production of confidential, proprietary, private, and/or trade secret information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

B.      <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other trade secrets, confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties

1  are entitled to keep confidential, to ensure that the parties are permitted reasonable

2  necessary uses of such material in preparation for and in the conduct of trial, to

3  address their handling at the end of the litigation, and serve the ends of justice, a

4  protective order for such information is justified in this matter.  It is the intent of the

5  parties that information will not be designated as confidential for tactical reasons and

6  that nothing be so designated without a good faith belief that it has been maintained

7  in a confidential, non-public manner, and there is good cause why it should not be

8  part of the public record of this case.

9  2.    DEFINITIONS

10      2.1    Action: *Metricolor, LLC v. L'Oréal USA, Inc., et al.*, Case No. 2:18-cv-

11  00364-CAS-E.

12      2.2    Challenging Party:  a Party or Non-Party that challenges the designation

13  of information or items under this Order.

14      2.3    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

15  EYES ONLY" Information or Items:  information (regardless of how it is generated,

16  stored or maintained) or tangible things that qualify for protection under Federal

17  Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

18  Case Material may be designated as "CONFIDENTIAL" when the designating party

19  in good faith believes it constitutes, reflects, or contains non-public financial,

20  personal, or business information.  Parties may designate CONFIDENTIAL material

21  of a highly confidential or proprietary nature as "HIGHLY CONFIDENTIAL –

22  ATTORNEYS' EYES ONLY" if the Designating Party in good faith believes that

23  disclosure would create a significant risk of substantial competitive or business

24  injury to the Producing Party.

25      2.4    Counsel (without qualifier):  Outside Counsel of Record and House

26  Counsel (as well as their support staff).

27      2.5    Designating Party:  a Party or Non-Party that designates information or

28  items that it produces in disclosures or in responses to discovery as

1 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

2 ONLY."

3     2.6   Disclosure or Discovery Material:  all items or information, regardless

4 of the medium or manner in which it is generated, stored, or maintained (including,

5 among other things, testimony, transcripts, and tangible things), that are produced,

6 disclosed, or generated in connection with disclosures or responses to discovery in

7 this matter.

8     2.7   Document:  any object from which information may be derived,

9 including, but not limited to, writings, letters, notes, memoranda, correspondence,

10 investigation files, reports, e-mails, messages, records, logs, invoices, bills,

11 statements, contracts, agreements, leases, opinions, drawings, plans, graphs, charts,

12 photographs, images, audio files, and recordings.  "Document" also includes

13 electronically maintained information, including, but not limited to, electronic or

14 computerized forms of any document, data and databases, electronic mail, and

15 spreadsheets.

16     2.8   Expert:  a person with specialized knowledge or experience in a matter

17 pertinent to the litigation who has been retained by a Party or its Counsel to serve as

18 an expert witness or as a consultant in this Action, including such person's secretarial

19 and clerical employees who are actively assisting him or her.

20     2.9   House Counsel:  attorneys who are employees of a Party to this Action

21 or a parent, subsidiary, or affiliate of a Party to this Action.  House Counsel does not

22 include Outside Counsel of Record or any other outside counsel.

23     2.10   Non-Party:  any natural person, partnership, corporation, association, or

24 other legal entity not named as a Party to this action.

25     2.11   Outside Counsel of Record:  attorneys who are not employees of a Party

26 to this Action but are retained to represent or advise a Party to this Action and have

27 appeared in this Action on behalf of that Party or are affiliated with a law firm which

28 has appeared on behalf of that Party, and includes support staff.

1    2.12   <u>Party</u>:  any party to this Action, including all of its officers, directors,

2    employees, consultants (excluding Experts), and Outside Counsel of Record (and

3    their support staffs).

4    2.13   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or

5    Discovery Material in this Action.

6    2.14   <u>Professional Vendors</u>:  persons or entities that provide litigation support

7    services (e.g., photocopying, videotaping, translating, preparing exhibits or

8    demonstrations, and organizing, storing, or retrieving data in any form or medium)

9    and their employees and subcontractors.

10   2.15   <u>Protected Material</u>:  any Disclosure or Discovery Material that is

11   designated as "CONFIDENTIAL" <u>or "HIGHLY CONFIDENTIAL –</u>

12   <u>ATTORNEYS' EYES ONLY."</u>

13   2.16   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material

14   from a Producing Party.

15   3.    <u>SCOPE</u>

16   The protections conferred by this Stipulation and Order cover not only

17   Protected Material (as defined above), but also: (1) any information copied or

18   extracted from Protected Material; (2) all copies, excerpts, summaries, or

19   compilations of Protected Material; and (3) any testimony, conversations, or

20   presentations by Parties or their Counsel that might reveal Protected Material.

21   However, the protections conferred by this Stipulation and Order do not cover the

22   following information: (a) any information that is in the public domain at the time of

23   disclosure to a Receiving Party or becomes part of the public domain after its

24   disclosure to a Receiving Party as a result of publication not involving a violation of

25   this Order, including becoming part of the public record through trial or otherwise;

26   and (b) any information known to the Receiving Party prior to the disclosure or

27   obtained by the Receiving Party after the disclosure from a source who obtained the

28

1   information lawfully and under no obligation of confidentiality to the Designating
2   Party.

3          Any use of Protected Material at trial shall be governed by a separate written
4   agreement or the orders of the trial judge.  This Order does not govern the use of
5   Protected Material at trial.

6   4.     DURATION

7          Even after final disposition of this Action, the confidentiality obligations
8   imposed by this Order shall remain in effect until the Designating Party for the
9   Disclosure or Discovery Material at issue agrees otherwise in writing or a court order
10  otherwise directs.  Final disposition shall be deemed to be the later of: (1) dismissal
11  of all claims and defenses in this Action, with or without prejudice; and (2) final
12  judgment herein after the completion and exhaustion of all appeals, rehearings,
13  remands, trials, or reviews of this Action, including the time limits for filing any
14  motions or applications for extension of time pursuant to applicable law.

15  5.     DESIGNATING PROTECTED MATERIAL

16         5.1    Exercise of Restraint and Care in Designating Material for Protection.
17  Each Party or Non-Party that designates information or items for protection under
18  this Order must take care to limit any such designation to specific material that
19  qualifies under the appropriate standards.

20         Mass, indiscriminate, or routinized designations are prohibited.  Designations
21  that are shown to be clearly unjustified or that have been made for an improper
22  purpose (e.g., to unnecessarily encumber the case development process or to impose
23  unnecessary expenses and burdens on other parties) may expose the Designating
24  Party to sanctions.

25         If it comes to a Designating Party's attention that information or items that it
26  designated for protection do not qualify for protection, that Designating Party must
27  promptly notify all other Parties that it is withdrawing the mistaken designation.

28

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below and section 5.3 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL <u>– ATTORNEYS' EYES ONLY</u> " to the first or cover page and to each page of the Document that contains protected material.

A Party or Non-Party that makes original Documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which Documents or materials it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to the first page of each such document and to each page that contains Protected Material.  This provision shall not be construed as a stipulation or agreement to any particular method of production of documents or information.

(b)   for testimony given in depositions or in other pretrial proceedings, that the Designating Party identify the Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," either (1) on the record, before the close of the deposition, hearing, or other

proceeding; or (2) in a written notice to all other Parties, given within 21 days after the Designating Party's receipt of the transcript for the deposition testimony (or in the case of transcripts received prior to the date of this Order, within 21 days after the date of this Order). Only those portions of the testimony that are appropriately designated for protection within that specified timeframe shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify at the deposition, hearing, or other proceeding, or within 21 days after the Designating Party's receipt of the transcript (or in the case of transcripts received prior to the date of this Order, within 21 days after the date of this Order), that the entire transcript is entitled to protection. Transcripts shall, unless otherwise agreed, be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material in their entirety until the expiration of the timeframe specified above. After that time, transcripts shall be treated only as actually designated. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." To the extent practically possible, transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Materials, and the title page shall be followed by a list of pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The parties shall cooperate in informing the court reporter(s) of these requirements.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a prominent place on the exterior of the container or containers in which the information is stored, or in the file name of individual files produced in electronic form. If only a portion or portions of the information or item warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material by later designating the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORENYS' EYES ONLY" in accordance with the applicable provisions of this Order.  The Receiving Party may dispute the corrected designation pursuant to the provisions of this order for challenging designations.  Upon timely correction of a designation and until any dispute concerning the correction is resolved, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the corrected designation.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party

an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Parties shall initiate the judicial dispute resolution process under Local Rule 37.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movants have complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only in connection with this Action and only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

1    Protected Material must be stored and maintained by a Receiving Party at a
2    location and in a secure manner that ensures that access is limited to the persons
3    authorized under this Order.

4    Protected Material shall not be copied or reproduced except to the extent such
5    copying or reproduction is reasonably necessary to the conduct of this action, and all
6    such copies and reproductions shall be subject to the terms of this Order.  If the
7    duplicating process by which copies and reproductions of Protected Materials are
8    made does not preserve the confidentiality designation legends that appear on the
9    original documents, all such copies and reproductions shall be stamped or labeled
10   appropriately in accordance with the terms of this Order.

11   Nothing in this Order shall limit a Party's use or disclosure of its own
12   information.  Except as otherwise ordered by the Court, no document or information
13   designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
14   EYES ONLY" shall lose such status under this Order as the result of the use of such
15   document or information in any hearing, trial, or other Court proceeding in this
16   Action.  In the event that any Party wishes to use any such document or information
17   in a Court proceeding in this Action, counsel for the Parties shall consult with each
18   other to determine whether and how such document or information can be used while
19   still protecting its confidentiality.

20   This Order is without prejudice to the right of any Party hereto to:  (i) object to
21   any discovery request; (ii) apply to the Court for any further order relating to any
22   confidential information; or (iii) apply to the Court for an order permitting disclosure
23   of Protected Materials or Information other than as provided herein.

24   The provisions of this Order may also be modified on a Party's or the Court's
25   own motion.

26   7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless
27   otherwise ordered by the Court or permitted in writing by the Designating Party, a
28

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action. Any such person shall be advised by the Disclosing Party of existence and terms o this Order and shall be subject to all provisions hereof, including those requiring, among other things, that Protected Material be held in confidence.  In addition, before being given access to any Protected Material, the person must sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the Court and its personnel;

(e)   court reporters and videographers (and their staff) engaged by the Parties for depositions or any other court proceeding in this Action.  Prior to disclosure to any such court reporter or videographer (and their staff), each such person must sign the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(i) during their depositions or any evidentiary hearing (or preparation for either), witnesses in the Action (and their attorneys) to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A hereto; and (2) they will not be permitted to keep any Protected Material, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order only to those persons identified in sections VIII.B (a), (c)-(h), subject to all limitations in those paragraphs. This restriction means, among other things, that HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may not be disclosed to House Counsel, except as otherwise provided.

In addition, to the extent Outside Counsel of Record believes in good faith that it is necessary to disclose HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to his or her client, solely for the purpose of providing advice about the potential settlement of this Action after a demand or offer to settle has been made, such information may be disclosed to the client, provided that the Designating Party consents to this disclosure in writing. Prior to any disclosure, the client must sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

Nothing in this Agreement shall prevent a party from seeking additional protections before disclosing information that it believes should be afforded additional protection.

1    Nothing in this Order shall restrict the Producing Party's use of its own

2  documents or information.

3    No party may use in a deposition or evidentiary proceeding any Protected

4  Material to which a witness does not have access under this Order unless the party

5  seeking to use such material provides notice to all other parties and identifies the

6  material by Bates number as soon as is practically possible before the deposition.  All

7  other parties shall be entitled to use the identified documents in the deposition or

8  evidentiary proceeding, including without limitation, during witness preparation.

9  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

10 OTHER LITIGATION

11    If a Party is served with a subpoena or a court order issued in other litigation

12 that compels disclosure of any information or items designated in this Action as

13 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

14 ONLY," that Party or Non-Party must:

15    (a)   promptly notify in writing the Designating Party.  Such notification

16 shall include a copy of the subpoena or court order;

17    (b)   promptly notify in writing the party who caused the subpoena or order

18 to issue in the other litigation that some or all of the material covered by the

19 subpoena or order is subject to this Order.  Such notification shall include a copy of

20 this Order; and

21    (c)   cooperate with respect to all reasonable procedures sought to be

22 pursued by the Designating Party whose Protected Material may be affected.

23    If the Designating Party timely seeks a protective order, the Party  or Non-

24 Party served with the subpoena or court order shall not produce any information

25 designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

26 ATTORNEYS' EYES ONLY" before a determination by the Court from which the

27 subpoena or order issued, unless the Party or Non-Party has obtained the Designating

28 Party's permission.  The Designating Party shall bear the burden and expense of

seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)      make the information requested available for inspection by the Non-Party, if requested.

(c)      If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the

1  confidentiality agreement with the Non-Party before a determination by the Court.

2  Absent a court order to the contrary, the Non-Party shall bear the burden and expense

3  of seeking protection in this Court of its Protected Material.

4  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

5          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

6  Protected Material to any person or in any circumstance not authorized under this

7  Stipulated Protective Order, the Receiving Party must immediately: (a) notify in

8  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

9  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

10 persons to whom unauthorized disclosures were made of all the terms of this Order,

11 and (d) request such person or persons to execute the "Acknowledgment and

12 Agreement to Be Bound" that is attached hereto as Exhibit A.

13 11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

14 PROTECTED MATERIAL

15         When a Producing Party gives notice to Receiving Parties that certain

16 inadvertently produced material is subject to a claim of privilege or other protection,

17 the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

18 Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure

19 may be established in an e-discovery order that provides for production without prior

20 privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

21 parties reach an agreement on the effect of disclosure of a communication or

22 information covered by the attorney-client privilege or work product protection, the

23 parties may incorporate their agreement in the stipulated protective order submitted

24 to the Court.

25 12.    MISCELLANEOUS

26         12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

27 person to seek its modification by the Court in the future.

28

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this Action any Protected Material of the Designating Party.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4   Party's Own Material.  Nothing in this Order shall be deemed to limit a Party's use of material it possesses by means other than receipt from a Producing Party or a Designating Party in this Action.

13.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this Action, as such final disposition is defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Date: February 5, 2021          MARTORELL LAW APC

By:   /s/ Eduardo Martorell
          Eduardo Martorell
          Jean Paul Le Clercq
          JoAnn Victor
          *Attorneys for Plaintiff/Counterclaim*
          *Defendant METRICOLOR LLC and*
          *Third-Party Defendants SALVATORE*
          *D'AMICO and STEPHEN D'AMICO*

Dated: February 5, 2021          ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/* Angela Colt
          Joseph A. Calvaruso
          Richard F. Martinelli
          Angela Colt
          *Attorneys for Defendants,*
          *Counterclaimants, and Third-Party*
          *Plaintiffs L'Oréal USA, Inc.,*
          *L'Oréal USA Products, Inc.,*

17

1

2

*L'Oréal USA S/D, Inc., and*
*Redken 5th Avenue NYC, LLC*

3

4

PURSUANT TO STIPULATION, IT IS SO ORDERED.

5

6

Dated:  February 8, 2021          /s/ Charles F. Eick
                                  United States ~~District~~/Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Metricolor LLC v. L'Oréal USA, Inc., et al.*, Case No. 2:18-cv-00364-CAS-Ex. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. If I am not a California resident, I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____