JOSEPH A. CALVARUSO (*pro hac vice*)
jcalvaruso@orrick.com
RICHARD F. MARTINELLI (*pro hac vice*)
rmartinelli@orrick.com
ANGELA COLT (CA SBN 286275)
acolt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: +1 212 506 5000
Facsimile: +1 212 506 5151

*Attorneys for Defendants*
L'ORÉAL USA, INC.,
L'ORÉAL USA PRODUCTS, INC.,
L'ORÉAL USA S/D, INC., AND
REDKEN 5TH AVENUE NYC, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

METRICOLOR, LLC,

Plaintiff and Counterdefendant,

v.

L'ORÉAL USA, INC.; L'ORÉAL USA PRODUCTS, INC.; L'ORÉAL USA S/D, INC.; REDKEN 5th AVENUE NYC, LLC; and DOES 1 through 100, inclusive,

Defendants, Counterclaimants and Third-Party Plaintiffs (L'Oréal USA, Inc.; L'Oréal USA Products, Inc.; L'Oréal USA S/D Inc.; and Redken 5th Avenue NYC, LLC)

v.

SALVATORE D'AMICO, and STEPHEN D'AMICO,

Third-Party Defendants.

Case No. 2:18-cv-00364-CAS-E

**(1) *EX PARTE* APPLICATION FOR ORDER THAT METRICOLOR IMMEDIATELY PRODUCE FOR FORENSIC IMAGING AND ANALYSIS DEVICES USED IN CREATION OF SUSPICIOUS DOCUMENTS;**

**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;**

Filed Under Separate Cover:
**(3) DECLARATION OF: PAUL FRENCH;**
**(4) DECLARATION OF ANGELA COLT;**

Lodged Under Separate Cover:
**(5) [PROPOSED] ORDER.**

**TO THE COURT, ALL PARTIES AND ATTORNEYS OF RECORD:**

L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, LLC ("Defendants" or "L'Oréal"), seek *ex parte* relief for an order that Plaintiff Metricolor, LLC ("Plaintiff"), Third-Party Defendants Salvatore and Stephen D'Amico, immediately produce for forensic imaging and analysis the devices they used in connection with the drafting and retention of Suspicious Documents.

L'Oréal requests this relief because although this Court already ordered the forensic investigation to proceed, Metricolor now refuses to allow L'Oréal's expert to do the work necessary for his forensic investigation.

As background, on October 22, 2021, L'Oréal moved *ex parte* to suspend the case deadlines pending a forensic investigation of fabricated evidence. ECF 109. Metricolor filed its opposition on October 26, and L'Oréal replied on October 27. This Court heard argument on November 1.

The Court continued all case deadlines 60 days and, at the hearing, ordered the parties to cooperate for L'Oréal's expert's review of Metricolor's devices to obtain information relevant to the documents in L'Oréal's moving papers and discussed at the hearing. Metricolor sought, and the Court granted Metricolor, 24 hours to determine whether it would prefer to request that a special master to review its devices rather than L'Oréal's expert. On November 2, Metricolor filed a status report declining to request a special master.

Now Metricolor refuses to allow L'Oréal's expert to proceed with the review as is necessary. Already, half of the fact discovery deadline extension (30 of the 60 days to December 15) has already elapsed. As explained in L'Oréal's initial moving papers, at the November 1 hearing, and in the concurrently filed declaration of Paul French, the expert must analyze the ***devices*** themselves at the expert's facilities which has necessary analysis equipment for information relating to the limited number of documents. ECF 109 at 9.

This Application is made after Defendants' counsel made reasonable, good faith efforts to provide notice to Plaintiff's counsel, as required by Local Rule 7-19.1. On November 2, 2021, Defendants' counsel Angela Colt left a voicemail for Plaintiff's counsel, Eduardo Martorell, regarding the substance of this Application. On November 3, Ms. Colt followed up with an email regarding the necessary investigation protocol for Mr. French to forensically image the devices in accordance with the Court's orders on the record at the November 1 Hearing. On November 4, Defendants' counsel Richard Martinelli and Ms. Colt spoke with Mr. Martorell via videoconference regarding the urgent need to image and review the devices in question. On November 11, Ms. Colt offered that the parties jointly seek a status conference to address these issues and advised Mr. Martorell via email that barring a joint request for a status conference, Defendants would seek relief on an *ex parte* basis. (Colt Decl. ¶¶ 7-13 & Ex. 23.). Metricolor did not respond to Ms. Colt's email of November 11.

Plaintiff's counsel's information is:

Eduardo Martorell
Playa District
6100 Center Drive, Suite 1130
Los Angeles, California 90045
(323)840-1200
EMartorell@Martorell-Law.com

This Application is based on this Application, the Memorandum of Points and Authorities in Support thereof, the accompanying concurrently filed Declarations of Paul French and Angela Colt and supporting exhibits, all pleadings and papers in this action, and upon such other matters as may be presented to the Court.

Dated: November 15, 2021

Respectfully submitted,

JOSEPH A. CALVARUSO
RICHARD F. MARTINELLI
ANGELA COLT
Orrick, Herrington & Sutcliffe LLP

By: *_/s/ Angela Colt_*
ANGELA COLT

*Attorneys for Defendants*
*L'Oréal USA, Inc.,*
*L'Oréal USA Products, Inc.,*
*L'Oréal USA S/D, Inc., and*
*Redken 5th Avenue NYC, LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES

As the Court is aware, L'Oréal sought, *ex parte*, and this Court granted, additional time to allow the L'Oréal defendants to forensically investigate evidence Metricolor appears to have fabricated. This Court recognized that "the concerns [Defendants] raise are serious enough so that I think they should have some time to explore because it will affect the admissibility of documents on summary judgment, at trial and other things." Colt. Decl. Ex. 22, Nov. 1, 2021 Hrg. Tr. at 6:8-11.

Specifically, at the November 1, 2021 hearing, the Court orally continued all case deadlines 60 days and ordered the parties to proceed expeditiously with the L'Oréal's expert's forensic review of the devices to investigate the documents raised in L'Oréal's moving papers and at the hearing, namely: RB00025.pdf, RB00025.msg with attachment, PC Parlor invoice.pdf, RE L'Oreal -Metricolor-evaluation agreement.msg, MC000087-92.pdf, MC000093-94.pdf, MC00043-46.pdf, MC000047.pdf, MC000597.pdf, MC000613.pdf, MC05415.pdf, MC05416.pdf, MC05417.pdf, MC05418.pdf (collectively, the "Suspicious Documents").

In L'Oréal's moving papers, and at the hearing, L'Oréal explained the need to investigate the ***devices*** from which the Suspicious Documents were harvested. L'Oréal's expert needs to analyze Stephen, Salvatore, and Anthony D'Amico's computers, Salvatore D'Amico's iPad, and Salvatore D'Amico's .PST file. ECF 109 at 19 (requesting forensic review of these devices);[1] ECF 110 at 8 ("only a thorough, forensic inspection of Mr. D'Amico's computers and mobile devices can assuage Defendants' concerns regarding the accuracy and authenticity of any documentary evidence in question"); *id*. at 9 ("I cannot emphasize enough the urgent need to have

[1] All of these devices were originally requested in L'Oréal's original moving papers with the exception of Stephen D'Amico's computer. ECF 109 at 19. It appears that Stephen D'Amico was a recipient of multiple of the Suspicious Documents. If the Suspicious Documents appear on Stephen D'Amico's computer bearing metadata from the purported time period, such a fact would authenticate the documents as legitimate. If, however, the Suspicious Documents Stephen D'Amico purportedly received are missing, or bear metadata from after the lawsuit began, this information would demonstrate that the Suspicious Documents were indeed fabricated, as L'Oréal suspects. *See* French Declaration ¶¶ 4-8.

Mr. D'Amico's computers and mobile devices impounded until they can be forensically preserved"); ECF 121 at 7 ("only a forensic review of Metricolor's computers can accurately determine these issues").

At the hearing, and in its papers, Metricolor offered to allow a "forensic information technology person ***to take my client's computers*** because we want there just as Your Honor I'm sure does, we want there to be no doubt as to the authenticity of these documents[.]". Colt. Decl. Ex. 22, Nov. 1, 2021 Hrg. Tr. at 7:15-18.

As L'Oréal explained to Metricolor at its meet and confer with counsel and in email correspondence, L'Oréal's expert, Paul French, requires exactly what Metricolor agreed to provide. Colt Declaration ¶¶ 7-13. Mr. French needs to make forensic copies of the Metricolor devices (called device images) used in generating the Suspicious Documents so that he does not risk altering or destroying metadata or materials stored on the original devices. Once the device images are collected, Mr. French will analyze the device images at his office for information relating to the Suspicious Documents. This analysis requires full access to forensically preserved ***devices*** to validate the Suspicious Documents because the reliability of a document is determined in the context of the device from which it was collected. Specifically, Mr. French will be looking on the device images for whole or fragmented pieces of the original documents in various states of edit, which edits can exist in various places with the device, such as temporary directories, recycle/trash folders, deleted space, system files, etc. He similarly needs to see the devices' operating system components and any other software apps that touched the suspect documents to validate their authenticity. Mr. French cannot do this type of analysis on-site. It can take days to run the necessary tools and investigative review is an iterative process where one result might require additional analyses. Moreover, his tools are designed to run on large desktop computers in a lab environment rather than portable machines. His analysis software needs high-power processors and large drive arrays found only in bulky equipment not meant to be moved around. This investigation is standard in the

field of forensic analysis. French Declaration ¶¶ 12.

Mr. French proposes a standard protocol that would allow him to image the devices L'Oréal identified in its moving papers and analyze them at his office for information relating to the Suspicious Documents. French Declaration ¶¶ 2-12 & Ex. F ([Proposed] Protocol). In addition, the protocol would allow Metricolor to review and redact, if necessary, any materials before being produced to L'Oréal. Mr. French's protocol likewise proposes a log of the materials being sent to the parties simultaneously so that L'Oréal would have information necessary to challenge any withholding or redaction.

Metricolor now: (1) seeks to limit the devices available for the forensic investigation to only Salvatore D'Amico's 2007-era Macbook and iPad, denying L'Oréal access to Salvatore D'Amico's other computer(s), Anthony D'Amico's computer, and Stephen D'Amico's computer; (2) refuses to allow L'Oréal's expert to make the requisite copies of the relevant devices; (3) demands that all of the forensic investigation occur at Metricolor's counsel's office; and (4) demands that L'Oréal ***not*** be provided a log of any redacted or withheld materials.

But as demonstrated in the concurrently filed declaration of Paul French, to adequately analyze the Suspicious Documents, he needs: (a) all of the devices that generated the Suspicious Documents and which L'Oréal has requested; (b) to make forensic images of the devices; (c) to do the analysis of the images offsite at his office; and (d) to produce to L'Oréal a log of materials Metricolor receives for potential redaction to allow it sufficient information to challenge any redactions or withholdings for privilege. French Declaration ¶¶ 2-12.

Courts routinely require parties to produce devices for forensic imaging, despite a party's privacy objections, particularly where those privacy concerns can be mitigated through the expert's protocol. *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617 LHK (NC), 2016 WL 11730951, at *1 (N.D. Cal. Oct. 31, 2016) (ordering images to be captured and stored by forensic examiner "using industry-

standard methods to preserve evidentiary chain of custody and verify the forensic copy's authenticity against the original device," which "methods also ensure that Plaintiffs' devices and operating systems will not be altered or harmed"); *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 3973752, at *4 (N.D. Cal. Aug. 22, 2019) (ordering forensic imaging of devices where defendant's interest in forensic images "outweighs Plaintiff's privacy interest"); *Forreststream Holdings Ltd. v. Shenkman*, No. 16-CV-01609-LB, 2018 WL 6522218, at *4 (N.D. Cal. Dec. 11, 2018) (ordering party to submit to forensic imaging of devices and noting that the "court can order a discovery protocol regarding the Records even if Mr. Shenkman's conduct were not sanctionable"); *In re Google Litig.*, No. C-08-03172 RMW (PSG), 2011 WL 6951972, at *5–6 (N.D. Cal. July 8, 2011) (report and recommendation) (recommending imposition of sanctions, because "the time for arguments about [the burden of complying with a discovery order] was before the order issued, not after.... Eventual but nonetheless tardy compliance with court orders and with legitimate discovery requests does not excuse discovery abuse, nor does it preclude impositions of sanctions. Otherwise, parties would be free to flout their obligations until a trial court utterly loses patience with them, and thereby embroil trial judges in day-to-day supervision of discovery.").

So too here. L'Oréal's expert does not seek any private information in Metricolor's devices and will not produce anything to L'Oréal without Metricolor's review and redaction if necessary. L'Oréal's expert seeks information relevant to only the Suspicious Documents, which requires forensic images of all the devices in question. The [Proposed] Protocol attached to the Declaration of Paul French is reasonable and routine in cases like this. French Declaration ¶ 2. L'Oréal has already demonstrated a need, which this Court has recognized, because it is apparent that Metricolor altered documents to add "magic words" relating to newly claimed "trade secrets" and failed to produce the underlying contemporaneous versions of documents lacking those magic words. And Metricolor already offered to give a

forensic investigator its computers; this Court expressed "appreciation to Metricolor for doing that." Colt Decl. Ex. 22, Nov. 1, 2021 Hrg. Tr. at 7.

Now that there remain only 30 days of the 60 day-extension for fact discovery, L'Oréal's need to obtain the images of the devices for forensic analysis is all the more urgent. The Court directed Metricolor: "if you think that they're over-reaching or doing something inappropriate, then obviously you can go to the magistrate judge and ask for relief." *Id*. at 6:14-17. Rather than seek relief from Magistrate Judge Eyck, Metricolor refused to give L'Oréal's expert the forensic devices. Metricolor also ignored L'Oréal's request to jointly request a status conference with the Court. Metricolor's continued delay tactics should not be countenanced.

## I. CONCLUSION

For the reasons set forth above, L'Oréal respectfully requests that the Court adopt the [Proposed] Protocol attached to the French Declaration, and order Metricolor to immediately produce, all of Stephen, Salvatore, and Anthony D'Amico's computers, Salvatore D'Amico's iPad, and Salvatore D'Amico's .PST file to Paul French for forensic imaging so that Mr. French can conduct a forensic analysis relating to the Suspicious Documents.

Dated: November 15, 2021

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Angela Colt*
ANGELA COLT

*Attorneys for Defendants*
L'Oréal USA, Inc.,
L'Oréal USA Products, Inc.,
L'Oréal USA S/D, Inc., and
Redken 5th Avenue NYC, LLC

# CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 2050 Main Street, Suite 1100, Irvine, California 92614-8255.

On _______________, 202__, I served the foregoing document described as:

upon the interested parties in this action listed below as follows:

MARTORELL LAW APC
Eduardo Martorell
EMartorell@Martorell-Law.com
Jean-Paul Le Clercq
JPLeClercq@Martorell-Law.com
JoAnn Victor
JVictor@Martorell-Law.com
Playa District
6100 Center Drive, Suite 1130
Los Angeles, California 90045
Telephone: (323) 840-1200
Facsimile: (323) 840-1300

RIMON, P.C.
Matthew H. Poppe
matthew.poppe@rimonlaw.com
800 Oak Grove Ave., Suite 250
Menlo Park, California 94025
Telephone: (650) 461-4433
Facsimile: (650) 461-4433

Attorneys for Plaintiff and Counterdefendant, METRICOLOR LLC and Third-Party Defendants, SALVATORE D'AMICO and STEPHEN D'AMICO

☐ (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth below. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Irvine, California, in the ordinary course of business.

☐ (BY EMAIL) By transmitting a true pdf copy of the foregoing document(s) by e-mail transmission from dbourgeois@orrick.com to the interested parties at the e-mail address(es) set forth below. Said transmission(s) were completed on the aforesaid date, and there were no errors reported in the transmission process.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on _______________, 202__, at Irvine, California.

[Typed Name]