JOSEPH A. CALVARUSO (*pro hac vice*)
jcalvaruso@orrick.com
RICHARD F. MARTINELLI (*pro hac vice*)
rmartinelli@orrick.com
ANGELA COLT (CA SBN 286275)
acolt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: +1 212 506 5000
Facsimile: +1 212 506 5151

*Attorneys for Defendants*
L'ORÉAL USA, INC.,
L'ORÉAL USA PRODUCTS, INC.,
L'ORÉAL USA S/D, INC., AND
REDKEN 5TH AVENUE NYC, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

METRICOLOR, LLC,

Plaintiff and Counterdefendant,

v.

L'ORÉAL USA, INC.; L'ORÉAL USA PRODUCTS, INC.; L'ORÉAL USA S/D, INC.; REDKEN 5th AVENUE NYC, LLC; and DOES 1 through 100, inclusive,

Defendants, Counterclaimants and Third-Party Plaintiffs (L'Oréal USA, Inc.; L'Oréal USA Products, Inc.; L'Oréal USA S/D Inc.; and Redken 5th Avenue NYC, LLC)

v.

SALVATORE D'AMICO, and STEPHEN D'AMICO,

Third-Party Defendants.

Case No. 2:18-cv-00364-CAS-E

**DECLARATION OF: PAUL FRENCH IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND SANCTIONS**

I, PAUL T. FRENCH, hereby declare as follows:

1. The following facts are true and of my own personal knowledge, except where stated on information and belief, as to those facts, I believe them to be true. If called as a witness, I could and would testify competently to the facts set forth herein. I make this declaration in support of L'Oréal's Motion for Summary Judgment and Sanctions.

2. I am currently employed by a company called Berkeley Research Group ("BRG") as an Associate Director working out of my home office in Spokane, Washington. BRG is a global consulting firm that provides business and government entities with services related to dispute resolution, investigations, corporate finance and strategy, and strategic operations. BRG is headquartered in Emeryville, California, with offices across the United States and in Asia, Australia, Canada, Latin America, the Middle East, and United Kingdom.

3. I have consulted in private sector electronic forensic matters since 1999 following a thirteen-year career in the U. S. Air Force (1986 – 1999). I received formal military training and experience in the areas of criminal investigations, counterintelligence operations, anti-terrorism training / assessments, and computer forensic analysis. I left the Air Force in April 1999 and joined a company called New Technologies, Inc. ("NTI"), located in Gresham, Oregon. I built and ran NTI's e-discovery practice, spearheading large-scale electronic discovery and analysis engagements for law firms, Fortune 1000 corporations, and government entities across the globe. I left NTI in October 2006 to establish a new digital investigations practice at Bridge City Legal in Portland, Oregon, and left there in October 2010 to become a senior forensics expert for a company called Discovia based out of San Francisco, California. While at Discovia, I managed large-scale digital investigations for a wide array of complex legal disputes. Note that Discovia was acquired by a company called Lighthouse in 2017. Lighthouse is headquartered out of Seattle, Washington. I left Lighthouse and joined BRG as an Associate Director on May 10,

2021. Additional details of my background and experience can be found in my curriculum vitae, attached as Exhibit A.

4. The law firm of Orrick, Herrington & Sutcliffe LLP ("Orrick") on behalf of L'Oréal USA, Inc. ("Client/Defendant"), engaged BRG to provide expert consulting and support services in the litigation captioned, "Metricolor, LLC -v- L'ORÉAL USA, INC, et al." I was subsequently assigned as the lead consultant on this matter. I reviewed the Protective Order in this case and signed the Acknowledgement and Agreement to Be Bound on October 18, 2021.

5. My forensic review was guided by a mutually agreed upon protocol established by Plaintiffs and Defendants. That protocol, titled "Forensic Inspection Protocol," ("Forensic Protocol") was implemented by court order ECF 145 on December 22, 2021.

6. The Forensic Protocol had four main components: Preservation of Plaintiff's electronic data; searching of Plaintiff's data to locate documents and communications at issue; analysis to determine what was done to any relevant documents found; and production of relevant documents, first to Plaintiffs' counsel then to Defendants.

7. Per the Forensic Protocol, BRG subcontractor, Setec Investigations, forensically preserved data from two laptop computers, two tablet computers, and a file containing Microsoft Outlook email. Plaintiffs represented that the four devices and Outlook data file were used by Salvatore and Stephen D'Amico to access, author, transmit and / or further manipulate the documents identified in Paragraph 4 of the Forensic Protocol.

8. I utilized industry standard and court approved software to pre-process Plaintiff's data. Pre-processing makes computer data searchable and exposes hidden properties (or, "metadata") that an examiner can use to identify specific files of interest, along with any activities affecting the state of those files. I extracted words and phrases from the documents identified in Paragraph 4 of the Forensic Protocol

(or, "Relevant Documents") and used them in multiple rounds of searches on Plaintiff's pre-processed data to identify documents of potential interest.

9. I analyzed active files and deleted remnants of files containing search terms to determine their relationship to the 14 Relevant Documents. Documents I deemed responsive to the Forensic Protocol were exported out along with the necessary information to formulate the Production Log described in Paragraph 15 of the Forensic Protocol.

10. I ultimately produced 996 documents to Plaintiffs for review. At Plaintiff's request, the documents were converted from their native format[1] into Adobe Acrobat PDF files. PDF files are viewable on most computer systems without the need to install additional software. I also provided the Production Log as specified in the Forensic Protocol. This production occurred on March 3, 2022.

11. On March 25, 2022, I provided Defendants with 967 of the PDF files from Plaintiff's March 3, 2022, production. Plaintiffs identified 29 documents to withhold for privacy and privilege claims. These redactions were annotated on the Production Log by Plaintiffs and subsequently forwarded to Defendants with the production.

12. Sal D'Amico's computer has a standard email program called "Mail" containing over 262,000 messages and 13,000 attachments from which documents could have been readily produced had someone chosen to do so, including the emails with the attachments. There is no indication that the emails and their attachments were unavailable.

<u>MC000613</u>

13. The date on the face of the document Metricolor produced as MC000613 is March 29, 2016. The time indicated on the face of MC000613 is 2:11 P.M.

---

[1] "Native", meaning the format data is stored in when saved out of various software applications, like Apple Mail messages, Microsoft Word documents, iPhone pictures, etc.

14. Forensic review confirms that Sal D'Amico drafted MC000613 on March 16, 2020.

15. The authentic document that was sent on March 29, 2016, to L'Oréal does not reference 10 mL syringes, standard orifice reducers, plastic containers, or Comar.

16. Forensic review confirms that the authentic email from March 29, 2016, was heavily edited through multiple versions, which are identified as BRG_200, BRG_201, BRG_202, BRG_203, BRG_212, BRG_902, and BRG_903.

17. BRG_212 is an altered version of the authentic March 29, 2016, email that Sal D'Amico sent to Marta Wolska-Brys, and which metadata confirms was created on March 16, 2020, at 9:15 AM. ECF 157-2, Ex. 1.f. BRG_212 is similar to MC000613, but it shows on its face that it was edited on March 16, 2020. *See* ECF 157-2, Ex. 1.g. BRG_212 is the last, i.e., most recent version of the altered version of the 2016 email Sal D'Amico sent to Ms. Wolska-Brys that I found on Sal D'Amico's MacBook computer. BRG_212 was located on the desktop of Sal D'Amico's MacBook in a file called "samples to loreal.pdf." The desktop is what you see after logging into your computer, so this document would have been readily visible when searching for documents or communications related to L'Oréal, Metricolor, syringe, orifice reducer, or Comar. I understand that BRG_212 was not included in Metricolor's document production. A standard, reasonable (i.e., not forensic) review of Mr. D'Amico's computer should have led to the discovery and production of this document, but Metricolor failed to do so.

18. The final version of the email depicted in BRG_212 was deleted sometime after October 15, 2021.

19. Forensic review confirms that a PDF version of MC000613, entitled "16.03.29 Sal to L'Oreal re Metricolor samples.pdf," was accessed on October 15, 2021. The version that was accessed does not bear a Bates stamp and therefore is a non-identical version of the document produced by Metricolor as MC000613. On

October 15, 2021, after 10:57 AM (the time displayed in the document), someone hand wrote on this version of MC000613, inter alia, "Cut + Pasted + Printed only. Did not send." A photograph of this document was taken at 11:16 AM on October 15, 2021, which includes the handwritten comments. Forensic review confirms that this photograph of MC000613 was last accessed on November 2, 2021. Additionally, metadata indicates the picture was taken at 28122 Peacock Ridge Drive, Rancho Palos Verdes, CA, which is the Registered Address for Metricolor LLC[2]. For purposes of our review, we identified this photograph as BRG_902.

20. The document entitled "16.03.29 Sal to L'Oreal re Metricolor samples.pdf" was not found on Sal D'Amico's devices during the forensic review, but since there is metadata evidence that this file was printed and subsequently photographed on October 15, 2021, it is apparent that the document was spoliated sometime between October 15, 2021, and December 2, 2021, the date on which the. D'Amico's computer devices were forensically preserved.

21. The document produced as MC000613 was not found on Sal D'Amico's computer. However, because we have evidence in BRG_902 that a version of MC000613 was accessed on October 15, 2021, it is apparent that the document produced as MC000613 was spoliated from Sal D'Amico's computer sometime between October 15, 2021, and December 2, 2021, the date on which the D'Amico computer devices were forensically preserved.

<u>MC000093-94</u>

22. I understand that Metricolor produced MC000093-94 in January 2021.

23. The date on the face of MC000093-94 is October 23, 2014.

24. Forensic review confirms that Sal D'Amico created MC000093-94 on November 4, 2020.

---

[2] Address found by decoding coordinates embedded in the picture (Longitude: -118.380753, Latitude: 33.776128), and then correlating with Metricolor's business registration found on the OpenCorporates.com website (https://opencorporates.com/companies/us_ca/201609610052)

25. Forensic review confirms 60 instances on Metricolor's devices of documents relating to MC000093-94. Among these documents were 12 contemporaneous instances of a document from 2014 that relates to MC000093-94, and which were real attachments to contemporaneous emails from 2014 from Sal D'Amico.

26. Nine of these contemporaneous emails with authentic attachments relating to MC000093-94 were found in Sal D'Amico's sent items in the Mail program on his computer: BRG_25 & 26, BRG_27 & 28, BRG_ 29 & 30, BRG_50 & 51, BRG_52 & 53, BRG_54 & 55, BRG_73 & 74, BRG_75 & 76, BRG_77 & 78. A standard, reasonable (i.e., not forensic) search of Mr. D'Amico's computer could have turned up these documents with intact attachments had Metricolor chosen to produce them. None was found among Mr. D'Amico's produced documents.

27. Among these contemporaneous emails we uncovered three in the sent items section of Sal D'Amico's mail program on his computer, which email were dated December 1, 2014, and sent to L'Oréal's Pat Parenty. These three emails are referenced as BRG_27, BRG_52, and BRG_75. The three emails had the original, contemporaneous document attached that was later altered to become the document produced as MC00093-94. A standard, reasonable (i.e., not forensic) search of Mr. D'Amico's computer could have turned up these emails and related attachments had Metricolor chosen to produce them.

28. One instance of the December 1, 2014, email to Pat Parenty and its corresponding attachment (BRG_190 & 191) were found in the unallocated clusters space on Sal D'Amico's computer, indicating it had been deleted.

29. Forensic review indicates that the original 2014 document was altered 6 years later, on November 4, 2020, to create MC000093-94. As explained above, multiple versions of the authentic 2014 document that was used to create MC000093-94 remain on Sal D'Amico's computer but were not among the documents Metricolor produced to L'Oréal.

30. Forensic review confirms that Sal D'Amico accessed the original 2014 versions of MC000093-94 in October 2020 (BRG_76) and November 2021 (BRG_74 and BRG_78), and that, as I understand, these documents were not produced in discovery.

<u>MC000047</u>

31. I understand Metricolor produced MC000047 in January 2021. However, because the oldest version of MC000047 on Sal D'Amico's devices is from November 2021, after the document production, the original of MC000047 must have been spoliated.

32. During my forensic review, I uncovered two instances of a document related to MC000047: BRG_906 and BRG_909. ECF 157-5, Ex. 4.b. These documents appear to be screenshots from an iPad of a document entitled "Metricolor … kaging.pdf." These versions of MC00047 were created on September 25, 2021, but no corresponding PDF file was located on Sal D'Amico's iPad device, suggesting these instances were spoliated sometime between September 25, 2021, and December 2, 2021, the date on which the iPad was forensically preserved. It is likely that these images depict email attachments or shared files (e.g., files on Apple iCloud) that were viewed on the iPad. Once viewed, a user can take a screenshot of the display and save it to a picture file. Those screenshot pictures are depicted in BRG_906 and BRG_909, but the underlying PDF file(s) were not found.

<u>MC000043-46</u>

33. Forensic analysis shows that MC000043-46 was created in April 2016 through January 2017, which I understand is months after Metricolor's meetings with L'Oreal ended. Also, the versions of MC000043-46 found that have the statement, "11/23/15* *Presented R & D results to L'Oreal/ Matrix DMI Team in NYC" were created on December 10, 2020.

//

//

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 22nd day of July, 2022 at Spokane, WA.

PAUL T. FRENCH