JOSEPH A. CALVARUSO (*pro hac vice*)
jcalvaruso@orrick.com
RICHARD F. MARTINELLI (*pro hac vice*)
rmartinelli@orrick.com
ANGELA COLT (CA SBN 286275)
acolt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019-6142
Telephone:   +1 212 506 5000
Facsimile:    +1 212 506 5151

WILLIAM W. OXLEY (CA SBN 136793)
woxley@orrick.com
MEGHAN ROHLING KELLY (CA SBN 292236)
meghan.kelly@orrick.com
GERALD E. PORTER (CA SBN 344396)
gporter@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA  90071-1596
Telephone:   +1 213 629 2020
Facsimile:    +1 213 612 2499

*Attorneys for Defendants*
L'ORÉAL USA, INC., L'ORÉAL USA
PRODUCTS, INC., L'ORÉAL USA S/D, INC.,
AND REDKEN 5TH AVENUE NYC, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| METRICOLOR LLC,<br><br>    Plaintiff and Counterdefendant,<br><br>    v.<br><br>L'ORÉAL USA, INC.; L'ORÉAL USA PRODUCTS, INC.; L'ORÉAL USA S/D, INC.; REDKEN 5th AVENUE NYC, LLC; and DOES 1 through 100, inclusive,<br><br>    Defendants, Counterclaimants and Third-Party Plaintiffs,<br><br>    v.<br><br>SALVATORE D'AMICO, and STEPHEN D'AMICO,<br><br>Third-Party Defendants. | Case No. 2:18-cv-00364-CAS-E<br><br>**(1) *EX PARTE* APPLICATION FOR PERMISSION TO SUPPLEMENT MOTION FOR RECONSIDERATION OF SANCTIONS;**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;**<br><br>Filed or Lodged Separately:<br>**(3) DECLARATIONS OF WILLIAM OXLEY, ANGELA COLT and PAUL FRENCH;**<br>**(4) [PROPOSED] ORDER.** |

**TO THE COURT, ALL PARTIES AND ATTORNEYS OF RECORD:**

L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, LLC ("Defendants" or "L'Oréal"), seek *ex parte* relief for permission to supplement its Motion for Reconsideration of Sanctions (ECF 267) based on new information about Metricolor, LLC's ("Plaintiff") attempts to corroborate the "authenticity" of this fake evidence through "expert" testimony and additional evidence of fabrication by Metricolor.

L'Oréal requests this relief because *in the two weeks since* L'Oréal moved for reconsideration:

(1) Metricolor's forensic "expert," Kevin Cohen gave a new, previously undisclosed opinion during his March 24, 2023 deposition that a new, "received" version of the "Comar Sample Request" that he had found was actually sent on October 11, 2014. This is an email that Metricolor has argued is "definitive proof" that the Comar syringe is a component of its trade secret and that it shared that information with L'Oréal, even though L'Oréal is not copied on the email and Metricolor never sent L'Oréal the link;

(2) But the file system properties metadata of the forensic image of Sal D'Amico's computer confirm that **a person operating Sal D'Amico's computer modified the Comar Sample Request email on July 23, 2020**, **two days after** L'Oréal disclosed to Metricolor in its Answer that Comar is L'Oréal's syringe supplier.

Metricolor is now attempting to cloak the fake Comar Sample Request email with Mr. Cohen's new, undisclosed expert opinion, demonstrating Metricolor's bad faith. Worse, Mr. Cohen purported to conclude that the Comar Sample Request email was real without having had access to the critical device necessary to authenticate it: Anthony D'Amico's computer (which Metricolor opposed L'Oréal accessing).

L'Oréal now seeks the Court's intervention to allow L'Oréal to supplement its Motion for Reconsideration with a short brief and Declaration from Paul French.

This Application is made after Defendants' counsel made reasonable, good faith efforts to provide notice to Plaintiff's counsel, as required by Local Rule 7-19.1. On April 4, Defendants' counsel William Oxley spoke with Eduardo Martorell via telephone regarding L'Oréal's need to supplement its Motion for Reconsideration, and explained that, due to the time constraints of the schedule, absent agreement from Metricolor, Defendants would seek relief on an *ex parte* basis. Oxley Decl. ¶ 5. Mr. Oxley understood from Mr. Martorell's response that Metricolor would oppose Defendants' request.

Plaintiff's counsel's information is:
Eduardo Martorell
Playa District
6100 Center Drive, Suite 1130
Los Angeles, California 90045
(323)840-1200
EMartorell@Martorell-Law.com

This Application is based on this Application, the Memorandum of Points and Authorities in Support thereof, the accompanying concurrently filed Declarations of William Oxley, Angela Colt and Paul French and supporting exhibits, all pleadings and papers in this action, and upon such other matters as may be presented to the Court.

Dated:        April 4, 2023                    Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP


By:        */s/ Angela Colt*
                ANGELA COLT

*Attorneys for Defendants*
*L'Oréal USA, Inc.,*
*L'Oréal USA Products, Inc.,*
*L'Oréal USA S/D, Inc., and*
*Redken 5th Avenue NYC, LLC*

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

The Court is well aware that L'Oréal uncovered Sal D'Amico's significant evidence manipulation, as a result of a forensic review that Metricolor has consistently opposed.

Metricolor engaged an expert, Kevin Cohen, who provided an on-the-fly opinion during his March 24, 2023 deposition, that the "Comar Sample Request" email was actually sent on October 11, 2014. Colt Decl. Ex G Mar. 24, 2023 Cohen Tr. at 49:9-50:4. Mr. Cohen also testified that he imaged Sal D'Amico's computer, before L'Oréal's expert imaged Metricolor's devices in December 2021. Colt Decl. Ex. G, Mar. 24, 2023 Cohen Tr. at 56:25-58:9, 62:9-15, 64:17-65:1. He has submitted a sworn declaration in which and Metricolor has agreed to allow Lorebut "could not recall" whether he had imaged other devices.

Given these new evidentiary developments, L'Oréal urgently needs to: supplement its Motion for Reconsideration of Sanctions (ECF 267) with a short brief and Declaration from Paul French.

### A. <u>The Comar Sample Request Email Is Fake</u>

Metricolor argues that the trade secret it disclosed to L'Oréal is: extracting developer from a plastic bottle, fitted with a non-sealing orifice reducer, using a Comar syringe. Metricolor has supported its claim with the story that, on October 11, 2014, not long after Metricolor's first meeting with L'Oréal, Sal D'Amico supposedly sent an email to himself from his brother Anthony D'Amico's computer that referenced a Comar syringe. The subject line of the email is "Comar Sample Request," and the body of the email is simply a link to the publicly available Comar website. Metricolor has argued that the Comar Sample Request email is "definitive proof" that the Comar syringe is a component of its trade secret and that it shared that information with L'Oréal, even though L'Oréal is not copied on the email and Metricolor never sent L'Oréal the link.

In his February 27, 2023 expert report, Mr. Cohen claimed he discovered the

"received" version of the Comar Sample Request email on Sal D'Amico's computer. And, during his March 24, 2023 deposition, four days after L'Oréal filed its Motion for Reconsideration of sanctions, Mr. Cohen relied on the "received" version as support for a new, previously undisclosed opinion that Mr. D'Amico actually sent the Comar Sample Request email to himself on October 11, 2014 from Anthony D'Amico's computer.

The only forensically reliable evidence about the Comar Sample Request email is the file properties metadata residing on Sal D'Amico's computer. French Decl. ¶ 12. The forensic image shows that the "received" version of the Comar Sample Request email, 256012.emlx, has an October 2014 "creation date," but was "last modified" on July 23, 2020. French Decl. ¶ 11-12. In other words, the "received" version was modified almost six years after it was allegedly received. The last modified date is also significant because it shows the email was modified just two days after L'Oréal disclosed in its Answer that Comar was its syringe supplier for the accused products. ECF 73 ¶¶ 32-34.

The modification cannot be attributed to some honest mistake or an automated process on Mr. D'Amico's computer. In contrast to the file properties metadata for "received" version of the Comar Sample Request email, the three other emails that Sal D'Amico's computer received on the same day from Anthony D'Amico's computer have a "creation date" and "last modified" date of October 2014. French Decl. ¶ 12. The fact that only the Comar Sample Request email was modified on July 23, 2020, while the other surrounding emails were not modified in 2020, demonstrates that the modification of the Comar Sample Request email was intentionally made by someone operating Sal D'Amico's computer. French Decl. ¶ 12.

On February 27, 2023, Metricolor served Mr. Cohen's expert report, which was limited by its terms to rebutting one paragraph in L'Oréal's expert's report. Colt Decl. Ex. I, February 27, 2023 Cohen Report ¶ 4. Mr. Cohen *did not opine* in his

report that the Comar Sample Request email was sent on October 11, 2014. *Id*.

In his deposition, however, **taken four days after L'Oréal moved for reconsideration**, Mr. Cohen opined for the first time that the Comar Sample Request email was actually sent on October 11, 2014. Colt Decl. Ex. G, Mar. 24, 2023 Cohen Tr. at 49:9-23. As explained, the file system properties metadata proves the Comar Sample Request email was not received in October 2014, because that version did not exist until it was modified on July 23, 2020.

Based on Metricolor's new attempt to use expert testimony to authenticate a document that was in fact modified during this litigation, L'Oréal respectfully requests it be permitted to submit the supplemental memorandum of points and authorities attached as Exhibit E to the Colt Declaration for the Court's consideration.

## CONCLUSION

For the reasons set forth above, L'Oréal respectfully requests that the Court permit L'Oréal to submit the supplemental memorandum of points and authorities in support of its Motion for Reconsideration of Sanctions, attached as Exhibit E to the Colt Declaration, and the accompanying Declaration of Paul French and exhibits thereto.

Dated: April 4, 2023

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _/s/ Angela Colt_
       ANGELA COLT

*Attorneys for Defendants*
L'Oréal USA, Inc.,
L'Oréal USA Products, Inc.,
L'Oréal USA S/D, Inc., and
Redken 5th Avenue NYC, LLC