# EXHIBIT E

JOSEPH A. CALVARUSO (*pro hac vice*)
jcalvaruso@orrick.com
RICHARD F. MARTINELLI (*pro hac vice*)
rmartinelli@orrick.com
ANGELA COLT (CA SBN 286275)
acolt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019-6142
Telephone:  +1 212 506 5000
Facsimile:   +1 212 506 5151

WILLIAM W. OXLEY (CA SBN 136793)
woxley@orrick.com
MEGHAN ROHLING KELLY (CA SBN 292236)
meghan.kelly@orrick.com
GERALD E. PORTER (CA SBN 344396)
gporter@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA  90071-1596
Telephone:  +1 213 629 2020
Facsimile:   +1 213 612 2499

*Attorneys for Defendants*
L'ORÉAL USA, INC., L'ORÉAL USA
PRODUCTS, INC., L'ORÉAL USA S/D, INC.,
AND REDKEN 5TH AVENUE NYC, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| METRICOLOR LLC, | Case No. 2:18-cv-00364-CAS-E |
| Plaintiff and Counterdefendant, | **SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF SANCTIONS** |
| v. | |
| L'ORÉAL USA, INC.; L'ORÉAL USA PRODUCTS, INC.; L'ORÉAL USA S/D, INC.; REDKEN 5th AVENUE NYC, LLC; and DOES 1 through 100, inclusive, | |
| Defendants, Counterclaimants and Third-Party Plaintiffs, | |
| v. | |
| SALVATORE D'AMICO, and STEPHEN D'AMICO, | |
| Third-Party Defendants. | |

Even after L'Oréal moved for reconsideration, Metricolor injected more fake "evidence" into this litigation.

As the Court is aware, Metricolor argues that the trade secret it disclosed to L'Oréal is: extracting developer from a plastic bottle, fitted with a non-sealing orifice reducer, using a Comar syringe. Metricolor has supported its claim with the story that, on October 11, 2014, not long after Metricolor's first meeting with L'Oréal, Sal D'Amico supposedly sent an email to himself from his brother Anthony D'Amico's computer that referenced a Comar syringe. The subject line of the email is "Comar Sample Request," and the body of the email is simply a link to the publicly available Comar website. Metricolor has argued that the Comar Sample Request email is "definitive proof" that the Comar syringe is a component of its trade secret and that it shared that information with L'Oréal, even though L'Oréal is not copied on the email and Metricolor never sent L'Oréal the link.

As explained in L'Oréal's previous briefing, Sal D'Amico fabricated the other documentary evidence that Metricolor had offered to support its trade secrets claim, which is why Metricolor has placed so much emphasis on the Comar Sample Request email. That brings us to Metricolor's forensic expert Kevin Cohen.

In his February 27, 2023 expert report, Mr. Cohen claimed he discovered the "received" version of the Comar Sample Request email on Sal D'Amico's computer. And, during his March 24, 2023 deposition, four days after L'Oréal filed its motion for reconsideration of sanctions, Mr. Cohen relied on the "received" version as support for a new, previously undisclosed opinion that Mr. D'Amico actually sent the Comar Sample Request email to himself on October 11, 2014 from Anthony D'Amico's computer.

But there is a big problem with the email on Sal D'Amico's computer: it is also fake. The metadata shows Mr. D'Amico modified the email on July 23, 2020, during the litigation and almost six years after he supposedly received it. French Decl. ¶¶ 11-12. An email that was modified on July 23, 2020 cannot be an email that

Mr. D'Amico actually received in 2014.

Despite the Court's strong admonitions and L'Oréal's renewed request for terminating sanctions, Metricolor has turned its fraud up a notch by trying to pass off an email that was modified on July 23, 2020 as an email that was sent and received in 2014. And Metricolor has tried to add legitimacy to the fake email by dressing it up with Mr. Cohen's new, previously undisclosed opinion. This has to stop.

## I. THE COMAR SAMPLE REQUEST EMAIL IS FAKE

As noted, the October 11, 2014 Comar Sample Request email is the one remaining document that Metricolor relies on as "definitive proof" of its supposed trade secret. Metricolor has now produced three versions of the email, all of which are highly suspect.

On January 29, 2021, Metricolor produced a scan of the Comar Sample Request email with a post-it note on it, handwriting on the post-it note, and handwriting on the email. Neither party's expert found the scanned version on Mr. D'Amico's computer. French Decl. Ex. 1, Jan. 30, 2023 French Report ¶¶ 53, 83; Colt Decl. Ex. I, Feb. 27, 2023 Cohen Report; Colt Decl. Ex. G, Mar. 24, 2023 Cohen Tr. at 35:18-36:16. Sal D'Amico admitted he added the post-it and handwriting sometime "after 2016." Colt Decl. Ex. J, Sept. 22, 2021 Sal D'Amico Tr. at 139:22-140:1.

On September 7, 2021, Metricolor produced an electronic version of the email, which Metricolor's lawyer represented was the "sent" version from Anthony D'Amico's computer. This version did not contain any file system properties metadata from Anthony D'Amico's computer that would be necessary to confirm the date it was created or last modified. French Decl ¶ 16. Nor did Metricolor provide L'Oréal with any information about how this supposed "sent" version was collected from Anthony D'Amico's computer. Metricolor also did not provide its own expert, Mr. Cohen, with any information about how this email was obtained. Colt Decl. Ex. G, Mar. 24, 2023 Cohen Tr. at 46:5-8. Mr. Cohen merely received an email from

Mr. Martorell that included the "sent" Comar Sample Request email as an attachment and had a conversation with Mr. Martorell in which Mr. Martorell stated that the "sent" email "came from the computer that sent the email." Colt Decl. Ex. G, Mar. 24, 2023 Cohen Tr. at 43:12-46:1.

Finally, as explained, on February 27, 2023, Mr. Cohen, claimed he located the "Received" version of the Comar Sample Request email on a forensic image of Sal D'Amico's computer.

L'Oréal was understandably suspicious of each version of the Comar Sample Request email because of Sal D'Amico's history of falsifying documents and because all three versions are different. French Decl. ¶ 21, 22. For example, as shown below, the "Sent" version is from an iCloud account, whereas the version with handwriting and the "Received" version are from a Gmail account:

| Version With Handwriting | "Sent" Version | "Received" Version |
|---|---|---|
| From: ANTHONY damico <tdamicoct@gmail.com><br>Subject: **Comar Sample Request**<br>Date: October 11, 2014 7:42:51 AM PDT<br>To: saldamico <saldamico@comcast.net> | From:    ANTHONY damico <tm4d@icloud.com><br>Sent:    Saturday, October 11, 2014 7:43 AM<br>To:    saldamico<br>Subject:    Comar Sample Request<br><br>http://www.comar.com/p/71 | **Comar Sample Request**<br>From:    ANTHONY damico <tdamicoct@gmail.com><br>To:    saldamico <saldamico@comcast.net><br>Sent:    October 11, 2014 7:42:51 AM PDT<br>Received:    October 11, 2014 7:42:53 AM PDT<br><br>http://www.comar.com/p/71 |

Metricolor has not explained why the various versions of the Comar Sample Request email come from different email addresses. Colt Decl. Ex. J, Sept. 22, 2021 Sal D'Amico Tr. at 142:11-15; Colt Decl. Ex. G, Mar. 24, 2023 Cohen Tr. at 52:24-54:3.

In addition, the subject line of the version with handwriting is bolded in a fashion that is not normally seen in email headers where the subject line is listed, and the ordering of the header fields is different for all three emails, as is the spacing. French Decl ¶ 22. Mr. Cohen did not determine why the subject was bolded in the version with handwriting, but not bolded in the other two versions. Colt Decl. Ex. G, Mar. 24, 2023 Cohen Tr. at 70:20-71:4.

L'Oréal's suspicions proved correct. The only forensically reliable evidence about the Comar Sample Request email is the file properties metadata residing on Sal D'Amico's computer. French Decl. ¶ 12. The forensic image of the computer made

pursuant to the Court's order (ECF 145), contains four emails received by Sal D'Amico's computer from Anthony D'Amico's computer on October 11, 2014. The forensic image shows that the "received" version of the Comar Sample Request email, 256012.emlx, has an October 2014 "creation date," but was "last modified" on July 23, 2020. French Decl. ¶ 11-12. In other words, the "received" version was modified almost six years after it was allegedly received. The last modified date is also significant because it shows the email was modified just two days after L'Oréal disclosed in its Answer that Comar was its syringe supplier for the accused products. ECF 73 ¶¶ 32-34.

The modification cannot be attributed to some honest mistake or an automated process on Mr. D'Amico's computer. In contrast to the file properties metadata for "received" version of the Comar Sample Request email, the three other emails that Sal D'Amico's computer received on the same day from Anthony D'Amico's computer have a "creation date" and "last modified" date of October 2014. French Decl. ¶ 12. The fact that only the Comar Sample Request email was modified on July 23, 2020, while the other surrounding emails were not modified in 2020, demonstrates that the modification of the Comar Sample Request email was intentionally made by someone operating Sal D'Amico's computer. French Decl. ¶ 12.

II. **METRICOLOR'S ATTEMPT TO CLOAK THE COMAR SAMPLE REQUEST EMAIL WITH MR. COHEN'S NEW, UNDISCLOSED OPINION FURTHER DEMONSTRATES ITS BAD FAITH**

On February 27, 2023, Metricolor served Mr. Cohen's expert report, which was limited by its terms to rebutting one paragraph in L'Oréal's expert's report. Colt Decl. Ex. I, February 27, 2023 Cohen Report ¶ 4. Mr. Cohen *did not opine* in his report that the Comar Sample Request email was sent on October 11, 2014. *Id*.

In his deposition, however, *taken four days after L'Oréal moved for reconsideration*, Mr. Cohen opined for the first time that the Comar Sample Request email was actually sent on October 11, 2014. Colt Decl. Ex. G, Mar. 24, 2023 Cohen

Tr. at 49:9-23. Mr. Cohen testified that he based his new and undisclosed opinion on "metadata" in the header information of the "Received" and "Sent" versions. *Id*.

As explained, the file system properties metadata proves the "received" version (256012.emlx) was not received in October 2014, because that version did not exist until it was modified on July 23, 2020.

Mr. Cohen's reliance on, and opinion about, the "sent" version of the Comar Sample Request email is also improper and extremely misleading because that version does not include the file system properties metadata that must be reviewed to determine if the email was actually sent and, if so, when it was sent, and whether it has been modified. This is critical because, as Mr. Cohen must know, anyone can create a fake email and make it look real by editing the email's header and re-saving it. French Decl. ¶ 17. This is easy to do because an email forwarded or sent as an attachment does not contain file system properties such as the created, last accessed and last edited dates, which are associated with a file when the file is stored on a computer. French Decl. ¶ 13. The only way to verify the content and date of a "Sent" email is by analyzing the forensically preserved *file system properties present on the sending computer*. French Decl. ¶ 10, 13, 16. Metricolor refused to provide an image of Anthony D'Amico's computer and it resisted L'Oréal's efforts to obtain one in discovery. ECF 137-1 at 86, Nov. 21, 2021 Hrg. Tr. at 17:25-18:19; Colt Decl. Ex.G, Mar. 24, 2023 Cohen Tr. at 46:9-12.

Not only has Mr. Cohen never reviewed an image of Anthony D'Amico's computer, he did not otherwise receive the file system properties metadata for the "sent" version, he did not have access to Anthony D'Amico's computer, and he never spoke with Anthony D'Amico. Instead, Mr. Cohen based his conclusion that the "sent" version was actually sent from Anthony D'Amico's computer on something Mr. Martorell told him. Colt Decl. Ex. G, Mar. 24, 2023 Cohen Tr. at 48:9-11.

## III.  CONCLUSION

Metricolor's willingness to pretend a modified email is the original, and to

have an expert issue a new, previously undisclosed, and misleading expert opinion about the email, is yet another example of what is in store for the jury, the Court, and L'Oréal if the case proceeds.  The Court should dismiss Metricolor's case with prejudice and sanction Metricolor and Mr. D'Amico.


Dated:  April 4, 2023

ORRICK, HERRINGTON & SUTCLIFFE LLP


By:  */s/ Angela Colt*
ANGELA COLT

*Attorneys for Defendants*
L'Oréal USA, Inc.,
L'Oréal USA Products, Inc.,
L'Oréal USA S/D, Inc., and
Redken 5th Avenue NYC, LLC

# CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to this action.  My business address is Orrick, Herrington & Sutcliffe LLP, 2050 Main Street, Suite 1100, Irvine, California  92614-8255.

On _____, 202__, I served the foregoing document described as:

upon the interested parties in this action listed below as follows:

| MARTORELL LAW APC | RIMON, P.C. |
|---|---|
| Eduardo Martorell | Matthew H. Poppe |
| EMartorell@Martorell-Law.com | matthew.poppe@rimonlaw.com |
| Jean-Paul Le Clercq | 800 Oak Grove Ave., Suite 250 |
| JPLeClercq@Martorell-Law.com | Menlo Park, California 94025 |
| JoAnn Victor | Telephone:  (650) 461-4433 |
| JVictor@Martorell-Law.com | Facsimile:  (650) 461-4433 |
| Playa District | |
| 6100 Center Drive, Suite 1130 | Attorneys for Plaintiff and |
| Los Angeles, California 90045 | Counterdefendant, |
| Telephone:  (323) 840-1200 | METRICOLOR LLC and Third-Party |
| Facsimile:  (323) 840-1300 | Defendants, SALVATORE |
| | D'AMICO and STEPHEN D'AMICO |

☐ (BY MAIL)  By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth below.  I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Irvine, California, in the ordinary course of business.

☐ (BY EMAIL)  By transmitting a true pdf copy of the foregoing document(s) by e-mail transmission from dbourgeois@orrick.com to the interested parties at the e-mail address(es) set forth below.  Said transmission(s) were completed on the aforesaid date, and there were no errors reported in the transmission process.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on _____, 202__, at Irvine, California.

_____
[Typed Name]

- 1 -