UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-00364-CAS-Ex | | Date | September 1, 2023 |
|---|---|---|---|---|
| Title | METRICOLOR, LLC v. L'OREAL USA, INC., ET AL. | | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:**       (IN CHAMBERS) - PLAINTIFF'S MOTION FOR REVIEW AND RECONSIDERATION OF MAGISTRATE JUDGE'S NON-DISPOSITIVE RULINGS (Dkt. 279, filed on April 12, 2023)

## I.    INTRODUCTION

Presently before the Court is plaintiff's motion for review and reconsideration of the Magistrate Judge's non-dispositive discovery rulings. The history of this case is well-known to the parties and set forth in the Court's October 26, 2022 Order. See Dkt. 228.

On January 6, 2020, upon reassignment and remand from the Federal Circuit, this Court granted Metricolor leave to amend its complaint. Dkt. 56. On March 6, 2020, Metricolor filed its first amended complaint against L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, LLC (collectively, "defendants" or "L'Oréal"). Dkt. 57 ("FAC"). The FAC asserts the following claims: (1) breach of contract; (2) misappropriation of trade secrets in violation of the Defend Trade Secrets Act ("DTSA"); (3) breach of the implied covenant of good faith and fair dealing; (4) violation of the California Unfair Competition Law ("UCL"); (5) breach of confidence; and (6) misappropriation of trade secrets in violation of the California Uniform Trade Secrets Act ("CUTSA"). See generally id.

On December 31, 2022, plaintiff filed a motion to compel production of allegedly privileged documents which defendants claim were inadvertently produced. Dkt. 240. On January 26, 2023, Charles F. Eick, United States Magistrate Judge, issued a ruling on plaintiff's motion to compel. Dkt. 257 ("January 26 Order"). On March 28, 2023, plaintiff filed a motion for clarification of the Magistrate Judge's order. Dkt 257. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:18-cv-00364-CAS-Ex | Date | September 1, 2023 |
|---|---|---|---|
| Title | METRICOLOR, LLC v. L'OREAL USA, INC., ET AL. | | |

following day, the Magistrate Judge issued an order clarifying that certain documents for which plaintiff sought to compel production are protected by the attorney-client privilege. Dkt. 274 ("March 29 Order").

On April 12, 2023, plaintiff filed the instant motion for review and consideration. Dkt. 279 ("Mot."). On April 24, 2023, defendants filed an opposition. Dkt. 283 ("Opp."). On May 1, 2023, plaintiff filed a reply. Dkt. 292 ("Reply").

On May 15, 2023, the Court held a hearing, after which it directed L'Oréal to file relevant evidence substantiating the contentions made by its counsel at the hearing that certain documents, L00007713–7717, are privileged. Dkt. 311. On June 29, 2023, L'Oréal filed supplemental documentation by one of its litigation counsel, Angela Colt, and one of its in-house counsel, Marshall Gringauz, in support of its privilege claim. See Dkts. 312, 313. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

On October 1, 2021, Metricolor deposed L'Oréal's 30(b)(6) witness, Guillaume Duez. See Dkt. 240-2, Ex. C. At the deposition, counsel for Metricolor relied upon several documents produced by L'Oréal in discovery. According to L'Oréal, its counsel "realized [some documents] were privileged and had been inadvertently produced," so counsel attempted to claw certain documents back. Id.

On October 5, 2021, counsel for L'Oréal sent a follow-up letter identifying certain documents as attorney-client privileged and inadvertently produced: L00007520, L00007708–09, L00007712-L00007717, L00007753–54, L00007814–15, L00009997–10037, L00020213–14, L00020613–17, and L00023722–42. See Dkt. 240-2, Ex. D. L'Oréal asked Metricolor to destroy its copies of these documents pursuant to the Federal Rules of Civil Procedure and the Stipulated Protective Order in this case. Id.

On October 7, 2021, counsel for L'Oréal sent a further follow-up email to Metricolor's counsel asking about the status of its clawback request. See Dkt. 109-8. The following day, on October 8, 2021, counsel for Metricolor responded, "We are taking each of these issues one at a time and can only prioritize so much given our firm's other cases. I will provide updates such as this one as our investigation and research yields answers." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-00364-CAS-Ex | Date | September 1, 2023 |
|---|---|---|---|
| Title | METRICOLOR, LLC v. L'OREAL USA, INC., ET AL. | | |

Over a year later, on November 3, 2022, the parties' counsel met and conferred to prepare a joint supplemental Rule 26(f) status report. At that time, counsel for Metricolor contended that the documents L'Oréal claims were inadvertently produced are not privileged. Counsel for Metricolor demanded L'Oréal produce a privilege log for the documents, which L'Oréal did on November 14, 2022. See Dkt. 227.

On December 31, 2022, the parties filed a joint stipulation regarding Metricolor's motion to compel production to be heard before the Magistrate Judge in accordance with the local rules. Dkt. 240 ("MTC").

On January 18, 2023, the Magistrate Judge ordered L'Oréal to deliver copies of the disputed documents and an amended privilege log so that he could conduct an *in camera* review of the documents. Dkt. 254. On January 23, 2023, the Magistrate Judge ordered L'Oréal to correct inconsistencies with the copies of the documents they produced and their amended privilege log, ordering L'Oréal to produce a second amended privilege log and to furnish copies of all disputed documents. Dkt. 255.

On January 26, 2023, the Magistrate Judge issued a ruling on plaintiff's motion to compel. After setting forth the applicable legal standards and case law, the Magistrate Judge made the following findings:

> Applying these standards, the Magistrate Judge finds that Defendants failed to carry their burden to establish the applicability, and the non-waiver, of the attorney-client privilege with respect to documents 7520, 7708, 7712-17, 7753-54, 7814-15, 9997-10037, 20213-14, 20613-17 and 23722-42.
>
> However, the Magistrate Judge also finds that Defendants have failed to carry their burden to establish the applicability of the attorney-client privilege with respect to documents 7686-87. The communications in these documents were authored by, directed to and received by nonattorneys. Contrary to the "Privilege Log Description" of these documents offered by Defendants, the documents neither "convey" nor "reflect" any recognizable "legal advice." Rather, the communications in these documents discuss business needs and business strategy, including intracorporate business strategy. Although the documents mention "Legal" (apparently referencing the corporation's legal department), there exists insufficient evidence before the Court that the obtaining, the giving or the receiving of an attorney's legal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-00364-CAS-Ex | Date | September 1, 2023 |
|---|---|---|---|
| Title | METRICOLOR, LLC v. L'OREAL USA, INC., ET AL. | | |

advice was "the primary purpose" of the communications in documents 7686-87 (or even "a primary purpose" thereof). Therefore, the communications in documents 7686-87 are not protected by the attorney-client privilege. See, e.g., Tsantes v. BioMarin Pharmaceutical Inc., 2022 WL 17974487, at *1-2 (N.D. Cal. Dec. 7, 2022); Oracle America, Inc. v. Google, Inc., 2011 WL 3794892, at *1-5 (N.D. Cal. Aug. 26, 2011) ("Oracle"); see also In re Google Inc., 462 Fed. App'x 975, 976-78 (9th Cir. 2012) (denying mandamus relief from the Oracle decision). The communication in document 7709, which was authored by Plaintiff, plainly is not privileged (although perhaps this document was included merely to give context to document 7708, which is privileged). The Magistrate Judge observes that the communication in document 7709 is also a part of document 7754 (again perhaps included only for context). Accordingly, within fourteen (14) days of the date of this Order, Defendants shall produce to Plaintiff documents 7686-87 and 7709.

January 26 Order at 3.

On February 9, 2023, L'Oréal produced the two documents, '7686–87 and '7709, that the January 26 Order directed be produced. Additionally, L'Oréal sought confirmation that Metricolor had destroyed the other nine documents that were not directed to be produced in the order. Dkt. 280-1.

On February 28, 2023, counsel for Metricolor responded to L'Oréal's request, stating that "[w]e do believe that the Order could benefit from clarification." Id. L'Oréal declined Metricolor's offer for a stipulated request for clarification.

On March 28, 2023, plaintiff filed a motion for clarification of the Magistrate Judge's order. Dkt 257. The following day, the Magistrate Judge issued an order denying plaintiff's motion and stating the following:

The Magistrate Judge is in receipt of "Plaintiff's Motion for Clarification of Court's Order Regarding Motion to Compel" ("the Motion"), filed March 28, 2023. The Motion is denied. However, the Motion has called to the attention of the Magistrate Judge an unfortunate error in the Minute Order, filed January 26, 2023. For the reasons discussed in that Minute Order, the Magistrate Judge fully intended then to rule, inter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-00364-CAS-Ex | | Date | September 1, 2023 |
|---|---|---|---|---|
| Title | METRICOLOR, LLC v. L'OREAL USA, INC., ET AL. | | | |

alia, that Defendants had carried their burden to establish the applicability, and the non-waiver, of the attorney-client privilege with respect to documents 7520, 7708, 7712-17, 7753-54, 7814-15, 9997-10037, 20213-14, 20613-17 and 23722-42. Unfortunately, a scrivener's error in the second full paragraph on page 3 of the Minute Order caused the Minute Order to fail to reflect this intended ruling. Therefore, the second full paragraph on page 3 of the Minute Order is hereby reformed <u>nunc pro tunc</u> to reflect this intended ruling. The parties and their counsel promptly shall proceed accordingly.

March 29 Order.

Thereafter, on April 12, 2023, plaintiff filed the instant motion for review and reconsideration.

## III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(a), a federal district court reviews non-dispositive orders by magistrate judges to determine whether they are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a); <u>see also</u> 12 Fed. Prac. & Proc. Civ. § 3069 (2d ed.) (explaining that "it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge"). "The clearly erroneous standard applies to a magistrate's factual findings, and the contrary to law standard applies to the magistrate's legal conclusions." <u>Physicians Healthsource Inc v. Masimo Corp.</u>, No. 8:14-cv-00001-JVS-ADS, 2019 WL 1966663, at *2 (C.D. Cal. Feb. 27, 2019). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." <u>Weeks v. Samsung Heavy Indus. Co., Ltd.</u>, 126 F.3d 926, 943 (7th Cir. 1997). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." <u>Banuelos v. United States</u>, No. 2:15-cv-3273-PA-RAO, 2016 WL 7197593, at *1 (C.D. Cal. May 19, 2016).

Furthermore, Rule 72(a) provides that a party has "14 days after being served with a copy" of a magistrate judge's nonpositive order to "serve and file objections." Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." <u>Id.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:18-cv-00364-CAS-Ex | Date | September 1, 2023 |
|---|---|---|---|
| Title | METRICOLOR, LLC v. L'OREAL USA, INC., ET AL. | | |

## IV.    DISCUSSION

Metricolor requests that this Court review the Magistrate Judge's January 26 and March 29 Orders determining that the following documents inadvertently produced and clawed back by L'Oréal are attorney–client privileged and have not been waived: '7520, '7708, '7712–17, '7753–54, '7814–15, '9997–10037, '20213–14, '20613–17, and '23722–42. Metricolor argues that the Magistrate Judge's failure to consider redactions for any of the disputed documents constitutes clear error. Id. at 6 (describing that "the Court is permitted to order only the privileged portion of the communication to be redacted, the remaining portion of the communication to be produced, and the communication need not be withheld"). Metricolor also argues that the Magistrate Judge failed to provide a detailed analysis of whether the disputed documents contain privileged material in the first place, and even if so, whether that privilege was waived. See id. at 10–12 (contending that "no hearing" was conducted to make the privilege determination and that the Magistrate Judge's orders "failed to address" the Ninth Circuit's Burlington factors for waiver of privilege).

In opposition, L'Oréal argues that the Magistrate Judge's order was not clearly erroneous or contrary to law. Specifically, L'Oréal contends that four of the documents "do not relate to Metricolor at all and are communications seeking or conveying advertising legal advice," while the other five are "communications among company employees requesting, reflecting, or relating to the request of legal advice regarding licensing discussions with Metricolor." Opp. at 6. As to Metricolor's argument that the Magistrate Judge failed to consider redactions, L'Oréal argues that "although a court is permitted to order redactions, it is not required to do so." Id. at 10. Finally, as to whether it waived privilege, L'Oréal contends that Metricolor's arguments relating to the delay in producing a privilege log are meritless. According to L'Oréal, Rule 26(B)(5)(A)'s privilege log requirements only apply to "information withheld" as defined by that subsection, and that inadvertently produced documents are governed by Rule 26(b)(5)(B), which applies to "information produced." Id. at 9. Instead, L'Oréal claims that by delaying over a year to challenge L'Oréal's clawback attempt, Metricolor did not follow Rule 26(b)(5)(B)'s requirement that it "promptly present the information to the court under seal for a determination of the claim."[1]

---

[1] L'Oréal also argues that Metricolor's motion is untimely under F.R.C.P. 72(a) and Local Rule 72-2.1, which require a motion for review of a magistrate judge's non-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  **'O'**

| Case No. | 2:18-cv-00364-CAS-Ex | Date | September 1, 2023 |
|----------|----------------------|------|-------------------|
| Title | METRICOLOR, LLC v. L'OREAL USA, INC., ET AL. | | |

In reply, plaintiff emphasizes that the Court should rely on its own *in camera* examination of the disputed documents, rather than defendants' "dubious" privilege assertions. Reply at 6–8.

As set forth correctly by the Magistrate Judge, the attorney-client privilege is defined as follows:

> "The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, . . . as well as an attorney's advice and response to such disclosures." United States v. Ruehle, 583 F.3d 600, 607 (9th Cir. 2009) (citations and quotations omitted). "Typically, an eight-part test determines whether information is covered by the attorney-client privilege: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." Id. (citations and quotations omitted). If a communication has a dual purpose including but not limited to the obtaining, the giving or the receiving of an attorney's legal advice, then the attorney-client privilege applies only if "the primary purpose" (or, at a minimum, "a primary purpose") of the communication is the obtaining, the giving or the receiving of the attorney's legal advice. See In re Grand Jury, 23 F.4th 1088, 1092, 1094-95 (9th Cir. 2022), cert. dism'd, 2023 WL 349990 (U.S. Jan. 23, 2023) ("In re Grand Jury"). As the proponents of the attorney-client privilege here, Defendants bear the burden of showing the asserted privilege's applicability, including the burden of showing that no waiver has occurred. See United States v.

---

dispositive ruling to be timely made within 14 days. However, Metricolor did timely seek review of the March 29 Order. Here, the text of the original January 26 Order expressly stated that "failed to carry their burden to establish the applicability, and the non-waiver, of the attorney-client privilege with respect to" *all* disputed documents at issue. However, that order only directed production of two documents. Therefore, it was reasonable for Metricolor to seek clarification of that order and for the Magistrate Judge to accordingly issue its March 29 Order. Under these unique circumstances, the Court declines to deny Metricolor's motion on the basis it was untimely brought.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:18-cv-00364-CAS-Ex | Date | September 1, 2023 |
|---|---|---|---|
| Title | METRICOLOR, LLC v. L'OREAL USA, INC., ET AL. | | |

Martin, 278 F.3d 988, 999-1000 (9th Cir. 2002); Weil v.
Investment/Indicators, Research Advantagement, Inc., 647 F.2d 18, 25 (9th
Cir. 1981).

See January 26 Order at 2.

First, as to waiver of privilege, the Court declines to modify the Magistrate Judge's January 26 Order. The Magistrate Judge cited the Burlington factors and relevant Federal Rules of Evidence and Civil Procedure. While the Magistrate Judge did not engage in an extended analysis as applied to these documents, the Court finds that nothing in the record or raised by plaintiff's instant motion for reconsideration supports modifying or reversing the Magistrate Judge's conclusion that "defendants substantially complied with Rule 502(b) of the Federal Rules of Evidence and Rule 26(b)(5) of the Federal Rules of Civil Procedure." January 26 Order at 2. The Court agrees with defendants that L'Oréal was not required to produce a privilege log for documents it had inadvertently produced. Compare Fed. R. Civ. P. 26(b)(5)(B) ("Information Produced.") with id. 26(b)(5)(A) ("Information Withheld."). Furthermore, Rule 26(b)(5)(B) required plaintiff to "promptly present the information to the court under seal for a determination of the claim." To the extent plaintiff contends that defendants' privilege log was belated, plaintiffs' own requests and motion to compel production were equally belated. And it was plaintiff, not defendants, who carried the burden to be "prompt."

Second, as regarding the existence and applicability of attorney-client privilege, the Magistrate Judge correctly set forth the applicable law. Specifically, disclosure of attorney-client communications to employees of a corporate client "does not waive the privilege, provided that each employee recipient needed to know the content of the privileged communication 'to perform her job effectively or to make informed decisions concerning, or affected by, the subject matter of the communication.' " January 26 Order at 3 (quoting Garvey v. Hulu, LLC, 2015 WL 294850, at *2 (N.D. Cal. Jan. 21, 2015)).

Conducting an *in camera* review of the same documents, the Court finds that these documents are covered by the attorney-client privilege. As set forth above, under the "clear error" standard, "it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." 12 Fed. Prac. & Proc. Civ. § 3069 (2d ed.). In light of the *in camera* review, the parties' filings, and the applicable law, the Court is not "left with the definite and firm conviction that a mistake has been made."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-00364-CAS-Ex | Date | September 1, 2023 |
|---|---|---|---|
| Title | METRICOLOR, LLC v. L'OREAL USA, INC., ET AL. | | |

<u>Weeks v. Samsung</u>, 126 F.3d at 943. Accordingly, the magistrate judge's orders finding that these documents are covered by the attorney-client privilege should not be modified.

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion for review and reconsideration. The documents identified in plaintiff's motion are privileged, and plaintiff is directed to "return, sequester, or destroy the specified information and any copies it has" of those documents in accordance with Rule 26(b)(5)(B).

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |