RICHARD F. MARTINELLI (*pro hac vice*)
rmartinelli@orrick.com
ANGELA COLT (CA SBN 286275)
acolt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone:  +1 212 506 5000
Facsimile:   +1 212 506 5151

WILLIAM W. OXLEY (CA SBN 136793)
woxley@orrick.com
MEGHAN ROHLING KELLY (CA SBN 292236)
meghan.kelly@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA 90071-1596
Telephone:  +1 213 629 2020
Facsimile:   +1 213 612 2499

*Attorneys for Defendants, Counterclaimants, and
Third-Party Plaintiffs*
L'ORÉAL USA, INC., L'ORÉAL USA
PRODUCTS, INC., L'ORÉAL USA S/D, INC.,
AND REDKEN 5TH AVENUE NYC, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

METRICOLOR LLC,

    Plaintiff and Counterdefendant,

    v.

L'ORÉAL USA, INC.; L'ORÉAL USA
PRODUCTS, INC.; L'ORÉAL USA
S/D, INC.; REDKEN 5th AVENUE
NYC, LLC; and DOES 1 through 100,
inclusive,

    Defendants, Counterclaimants and
Third-Party Plaintiffs,

    v.

SALVATORE D'AMICO, and
STEPHEN D'AMICO,

    Third-Party Defendants.

Case No. 2:18-cv-00364-CAS-E

**(1) L'OREAL'S OPPOSITION TO METRICOLOR'S MOTION FOR RECONSIDERATION**

**(2) DECLARATIONS OF WILLIAM W. OXLEY AND ANGELA COLT IN SUPPORT**

Hearing Date: May 13, 2024
Time: 10:00 a.m.
Judge: Hon. Christina A. Snyder
Courtroom: 8D

# TABLE OF CONTENTS

**Page No**.

I.      INTRODUCTION ..............................................................................1

II.     METRICOLOR FAILS TO IDENTIFY ANY PERMISSIBLE BASIS FOR RECONSIDERING THE COURT'S SOUND EXERCISE OF DISCRETION. ..........................................................................2

    A.      Metricolor's desire to elaborate on its previously made argument about the strength of its case based on previously known facts provides no permissible ground for reconsideration. ................................3

    B.      Metricolor's previously made and meritless unclean hands argument provides no permissible basis for reconsideration. ...................6

    C.      D'Amico's belated declaration provides no permissible basis for reconsideration. ..............................................................7

    D.      Reconsideration is further unwarranted because Metricolor leaves substantial independent grounds for the Court's decision unrebutted. 10

III.    THE COURT SHOULD IMPOSE SANCTIONS. ......................................12

IV.     CONCLUSION ..............................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bal Seal Eng'g, Inc. v. Nelson Prod., Inc.*,
No. 8:13-cv-01880-JLS-KES, 2019 WL 2879879 (C.D. Cal. Apr.
23, 2019) ................................................................................................. 12, 13

*Golden v. O'Melveny & Meyers LLP*,
No. CV 14-8725 CAS (AGRx), 2016 WL 4168853 (C.D. Cal. Aug.
3, 2016) ........................................................................................................... 4

*Graves v. Atl. Express*,
No. CV-07-6002-PSG-FMOx, 2008 WL 11343068 (C.D. Cal. Mar.
20, 2008) ....................................................................................................... 12

*Kona Enterprises, Inc. v. Estate of Bishop*,
229 F.3d 877 (9th Cir. 2000)......................................................................... 3

*Leon v. IDX Sys. Corp.*,
464 F.3d 951 (9th Cir. 2006)....................................................................... 13

*Lorenzo Vargas v. City of Los Angeles*,
No. 2:16-cv-08684, 2018 WL 10231166 (C.D. Cal. Nov. 14, 2018)
.................................................................................................... 2, 12, 13, 14

*U.S.A. v. Gonzalez*,
No. 2:04-CR-01189-CAS, 2023 WL 3045441 (C.D. Cal. Apr. 20,
2023) ............................................................................................................... 2

*United States v. Lavender*,
No. 2:13-CV-08914-CAS, 2015 WL 1781347 (C.D. Cal. Apr. 20,
2015) ........................................................................................................... 3, 5

**Other Authorities**

L.R. 7-18 .................................................................................................*passim*

L.R. 83-7 ................................................................................................... 1, 12

## I.   INTRODUCTION

After carefully considering Metricolor's continuing misconduct, the Court imposed terminating sanctions because Metricolor has "so damage[d] the integrity of the discovery process that there can never be assurance of proceeding on the true facts." Dkt. 414 at 34 (quoting *Connecticut Gen. Life Ins. Co.*, 482 F.3d at 1097). The Court found that "prolonged discovery disputes and multiple forensic reviews have revealed that plaintiff (particularly Sal D'Amico) has repeatedly fabricated, destroyed, and withheld evidence in this action." *Id.* at 29-30. The Court did not issue sanctions hastily. It initially gave Metricolor the benefit of the doubt. Despite recognizing that "[p]laintiff's conduct creating and producing [fabricated documents], even in light of its proffered explanations, is completely improper," the Court elected to take a cautious approach and denied L'Oréal's first motion for sanctions. Dkt. 228 at 16. The Court recently concluded sanctions were appropriate after it learned that Metricolor fabricated additional evidence, made misrepresentations to the Court, knowingly withheld highly material evidence during discovery and during the forensic review, and deleted evidence that can now never be found.

Metricolor seeks reconsideration of the Court's thoroughly considered, 34-page ruling on grounds that are procedurally improper and substantively meritless. The Court's rules narrowly circumscribe motions for reconsideration to new evidence and arguments that could not reasonably have been known to the moving party at the time of the Court's order and to manifest failures of the Court to consider facts presented to it. L.R. 7-18.  Nowhere in its motion does Metricolor present a single new fact that was not known to it before the Court's order. Nor does it identify any manifest failure on the Court's part to consider material facts presented to it. Metricolor's failure to identify any permissible ground for reconsideration not only requires denying its motion, but it also warrants sanctions for willful disregard of the Court's Local Rules. *See* L.R. 83-7.

But even on the merits, Metricolor presents nothing that warrants reconsideration. Metricolor's purportedly "new" merits evidence does not create an "assurance of proceeding on the true facts." On the contrary, Metricolor provides no evidence to corroborate that it possessed or disclosed the purported first-generation trade secret. Metricolor's "unclean hands" theory is a collection of meritless arguments that Metricolor has made to the Court previously. And D'Amico's carefully worded, belated declaration does not even dispute that he deleted evidence and such evidence is now unrecoverable.

The Court should deny the motion.

## II.  METRICOLOR FAILS TO IDENTIFY ANY PERMISSIBLE BASIS FOR RECONSIDERING THE COURT'S SOUND EXERCISE OF DISCRETION.

The Court's rules are unequivocal. "No motion for reconsideration *shall in any manner* repeat any oral or written argument made in support of or in opposition to the original motion." L.R. 7-18 (emphasis added). A motion for reconsideration may be based only on:

a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or

b) the emergence of new material facts or a change of law occurring after the Order was entered, or

c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

L.R. 7-18; *Lorenzo Vargas v. City of Los Angeles*, No. 2:16-cv-08684, 2018 WL 10231166, at *2 (C.D. Cal. Nov. 14, 2018) ("the grounds for reconsideration specified in L.R. 7-18 are the exclusive grounds for reconsideration in the Central District of California."). As the Court has explained, "[a] motion for reconsideration is not a vehicle to reargue the motion." *U.S.A. v. Gonzalez*, No. 2:04-CR-01189-CAS, 2023 WL 3045441, at *2 (C.D. Cal. Apr. 20, 2023) (citation omitted). It is an

"extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Despite specifically acknowledging the narrow grounds for seeking reconsideration, Mot. 2-3, Metricolor fails to address any of the requisite criteria. Metricolor instead repeats arguments that it has previously made in writing and at the hearing and that this Court has thoroughly considered and rejected.

### A. *Metricolor's desire to elaborate on its previously made argument about the strength of its case based on previously known facts provides no permissible ground for reconsideration.*

Metricolor devotes the bulk of its reconsideration motion to retelling its theory of the case. Mot. 3-14. Metricolor contends that "through no fault of [its] own, [it] ha[s] never had the opportunity to present Plaintiff's strong evidence of the brazen trade secret theft that has occurred." Mot. 3. That argument fails multiple times over: (1) it is not a permissible basis for reconsideration, (2) it is factually incorrect because Metricolor previously made this same argument in its sanctions opposition and again at the hearing, and (3) the additional evidence Metricolor cites does not even speak to any point on which the Court relied in its Order.

**1.** Metricolor contends that presenting the merits of its case constitutes a permissible basis for reconsideration because the evidence is "a material difference in fact … from that presented to the Court, which could not have possibly been presented in bulk." Mot. 1. But reconsideration based on "a material difference in fact … from that presented to the Court" is available only if "in the exercise of reasonable diligence, [the information] *could not have been known* to the party moving for reconsideration at the time the Order was entered." As the Court has observed, "overwhelming federal authority confirms that the failure to introduce documents supporting an opposition to a motion does not transform any future tardy filings into 'newly discovered evidence.'" *United States v. Lavender*, No. 2:13-CV-08914-CAS, 2015 WL 1781347, at *2 (C.D. Cal. Apr. 20, 2015). "[W]hat matters is

whether or not the moving party seeking reconsideration *could have known* of the newly-presented factual or legal argument at the time the Court made its original order." *Golden v. O'Melveny & Meyers LLP*, No. CV 14-8725 CAS (AGRx), 2016 WL 4168853, at *4 (C.D. Cal. Aug. 3, 2016) (emphasis added).

Metricolor does not even attempt to satisfy that controlling standard. It nowhere argues that it did not know, let alone, could not have known, of the evidence it cites. That is because it cannot do so. Every piece of evidence it cites in support of reconsideration has been in its possession since at least the original close of discovery in October 2021 before the forensic reviews uncovered Metricolor's discovery misconduct.

**2.** The Court need go no further to reject Metricolor's first ground for reconsideration. But Metricolor's assertion that it has had no opportunity to present its evidence in bulk is also unfounded. Metricolor has repeatedly opposed sanctions on the ground that it believes its case is strong. Metricolor's lead argument in opposing L'Oréal's sanction motion was that its "trade secret case is strong and meritorious." Dkt. 398 at 2-6 (Metricolor Opp.). Metricolor spent 5 pages in its opposition telling its story and focusing the Court on its evidence. *Id.* at 2-6. Metricolor also directed the Court to its summary judgment opposition in which it spent another 10 pages laying out its theory of the case and had a full opportunity and incentive to present its best evidence. *Id.* at 2. At the hearing Metricolor's lead argument was the same one that it now makes in its motion. Metricolor directed the Court to "all the evidence that's been cited in our motion for summary judgment opposition." Colt Decl. Ex. 1, March 25, 2024 Hrg. Tr. at 6. And it presented the same theme that it presents here—that this is "a substantial intellectual property theft case" and that the Court should focus on "the entire forest" rather than the "trees" of misconduct. Colt Decl. Ex. 1, March 25, 2024 Hrg. Tr. at 4; *compare* Mot. 1 ("those documents were never used in this case and they are therefore the individual trees that are important, yet dwarfed by the entirety of the forest (*i.e.* L'Oreal's brazen

trade secret theft).").

At no point before the Court issued its order—either at summary judgment, in its sanctions opposition, or at the hearing—did Metricolor contend that it had an inadequate opportunity to present its evidence. If Metricolor believed it needed more space to fully air its case, it should have sought more space for its opposition before the Court issued its order. A motion for reconsideration is not a proper vehicle to seek a do-over to elaborate on arguments that have already been presented to the Court. *See Lavender*, 2015 WL 1781347, at *2. On the contrary, the Court's rules strictly prohibit repeating "***in any manner***" "any oral or written argument made in support of or in opposition to the original motion." L.R. 7-18 (emphasis added)).

**3.** Finally, Metricolor's merits arguments are not even responsive to the Court's Order. As an initial matter, the Court noted that "[w]hile the strength or weakness of the plaintiff's case may be a factor . . . the court should not closely scrutinize the merits of an action." Mot. 27 (quoting *Anderson v. AirWest, Inc.*, 542 F.2d 522, 526 (9th Cir. 1976)). Metricolor does not explain how, even if it had some new evidence that satisfied the reconsideration standard, which it does not, this evidence would make sanctions unwarranted based on its grave misconduct.

Metricolor's evidence is also not even targeted to the defects in Metricolor's case the Court identified in its Order. The Court properly concluded that "there is limited documentary evidence to support plaintiff's claims that it (1) owned an alleged first-generation trade secret; and (2) shared such a trade secret with L'Oréal"; that "documents that were discovered on the Cohen Image cast significant doubt on plaintiff's claims"; and that "contemporaneous meeting notes and business plans make no mention of [t]he limited evidence suggesting the existence and conveyance of a trade secret was largely fabricated by Sal." Dkt. 414 at 34. In the 11 pages Metricolor devotes to rearguing the merits of its case, Metricolor nowhere points to any evidence—let alone new evidence—that shows that it either possessed the alleged first-generation secret with a non-self-sealing orifice reducer or shared such

a secret with L'Oréal. The closest Metricolor comes is a paragraph in D'Amico's declaration in which he declares that Metricolor presented a "simulation … to demonstrate Metricolor's first generation of its system." Dkt. 419-2, ¶4. But Metricolor has previously conceded that this "video simulation [showed] certain aspects of the Metricolor System but *no trade secret disclosures*." Dkt. 212 at 4 (emphasis added). This is yet another example of Metricolor and Mr. D'Amico changing their story in an effort to avoid the consequences of their misconduct.

And most significantly, even if Metricolor presented some new evidence about the merits of its case, that could not address the Court's overarching concern that Metricolor has "so damage[d] the integrity of the discovery process that there can never be assurance of proceeding on the true facts." Dkt. 414 at 34 (quoting *Connecticut Gen. Life Ins. Co.*, 482 F.3d at 1097).

### B. *Metricolor's previously made and meritless unclean hands argument provides no permissible basis for reconsideration.*

Metricolor next argues that reconsideration is warranted to consider its argument that "L'Oréal has unclean hands." Mot. 14-16. Metricolor offers no explanation whatsoever for how this argument is a permissible basis for reconsideration. It is not. This is an argument that Metricolor made in skeletal form in its sanctions opposition and again at the hearing based on facts that have been known to Metricolor for many months, if not years. Dkt. 398 at 25-26; Colt Decl. Ex. 1, March 25, 2024 Hrg. Tr. at 12:14-15 ("So, Your Honor, I also just want to note their unclean hands in that regard, right?"); Dkt. 267-1 Ex. A, Oct. 24, 2022 Hrg. Tr. at 25:23-24 ("we believe that L'Oréal comes to this Court with unclean hands."). And Metricolor relied on most of the underlying examples in prior filings. *See* Mot. 17-18 (citing ECF No. 212). Metricolor is simply repeating arguments in disregard of the clear admonition that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." L.R. 7-18.

Once again, the Court can stop here because Metricolor has failed to assert a permissible ground for reconsideration. But Metricolor's argument is also meritless and highly misleading. Metricolor suggests L'Oréal has unclean hands because it pointed out that Metricolor failed to produce a PowerPoint when "Metricolor has produced at least 21 different PowerPoints. Mot. 14-15. But the point, which the Court recognized and Metricolor ignores, is that the withheld PowerPoint is materially different—it "included the slide notes with Metricolor's talking points." Dkt. 414 at 22.[1] The script mentions a live presentation of only the second-generation system using "an airtight seal and oxygen barrier," but omits anything possibly related to the alleged first-generation secret.    Dkt. 375-19 Ex. 17, BRG-1280. Metricolor also contends that "L'Oréal's expert inexcusably failed to consider that possibility that a document" considered spoliated was "stored in Apple's iCloud." Mot. 15; *see also* Dkt. 198 at 23 (arguing in 2022 that MC00047 was not spoliated because the document was "stored in Apple's iCloud"). But Metricolor fought tooth and nail to exclude D'Amico's iCloud account from the scope of the first forensic review. *Compare* Dkt. 137-1, L'Oréal's Proposed Forensic Protocol ¶ 2 (seeking Metricolor's cloud accounts for forensic review) *with* Dkt. 145, Forensic Protocol ¶ 2 (Forensic Protocol Metricolor agreed to, not allowing access to cloud accounts). Metricolor also contends L'Oréal failed to authenticate a document Metricolor does not dispute is authentic. And the remaining assertions comprise a hodgepodge of utterly unremarkable and ordinary litigation occurrences that even on Metricolor's telling involved at worst "misinterpret[ing] the evidence," "misread[ing] a statement,"  disagreements about versions of documents produced during a complex forensic review, and a single witness correcting his own testimony. Mot 15-16.

### C.    D'Amico's belated declaration provides no permissible basis for reconsideration.

Metricolor finally seeks reconsideration based on a belated declaration from

---

[1] This PowerPoint was found in the "Documents" folder on Sal D'Amico's computer. Dkt. 402-1 ¶ 6.

Sal D'Amico concerning deleted documents. Mot. 17-18. Metricolor does not justify this argument under the standards for reconsideration either. Metricolor does not contend that the declaration contains any facts that were not known to Metricolor at the time of the Court's Order or assert any other recognized basis for reconsideration. On the contrary, Metricolor concedes that "Metricolor has repeatedly" made the same substantive arguments contained in D'Amico's declaration. Mot. 17.

Instead, Metricolor contends reconsideration based on the declaration is appropriate because "the argument that Mr. D'Amico had not submitted such a Declaration previously was first made within L'Oréal's Reply Brief … [and] Plaintiff was not in a position to respond to an argument first raised on Reply." Mot. 17. But Metricolor has had numerous opportunities to submit such a declaration.  L'Oréal argued months before its sanctions motion that "Mr. French has submitted a declaration—*not countered by Mr. D'Amico*…—in which he said, I have seen relevant materials that have been deleted. He says that in his declaration, and it's unrebutted." Dkt. 316-5, May 15, 2023 Hrg. Tr. 16:12-16 (emphasis added).

L'Oréal also put D'Amico's deletions squarely at issue in its opening memorandum in support of its most recent sanctions motion. L'Oréal argued "Sal D'Amico deleted discoverable information from his computer." Dkt. 379 at 12. And L'Oréal provided expert evidence supporting its claim to a reasonable degree of certainty that documents were most likely deleted during the litigation. *Id.*, Dkt. 375-1, French Decl. ¶¶ 8-15. L'Oréal also provided evidence that for certain specific documents, every copy was found only in unallocated clusters, meaning every instance of the file was most likely deleted intentionally.  Dkt. 379 at 12-13, Dkt. 375-1, French Decl. ¶¶ 16-28.  Metricolor therefore had every opportunity and incentive to counter that argument in its opposition with a declaration from D'Amico himself. Indeed, D'Amico submitted a declaration challenging *other* arguments L'Oréal made in its motion. *See* Dkt. 395-1. Metricolor made the strategic decision not to say one word in either D'Amico's declaration or in its opposition about

L'Oréal's arguments with respect to deleted documents or about why Metricolor withheld some of the most important evidence in the case. *See* Dkt. 414 at 18-19 (Metricolor does "not appear to address French's opinion that a significant number of documents were deleted during this litigation, or that other documents may have been permanently lost."); *id*. at 31 (Metricolor "does not explain why it was not obligated to disclose such documents upon their discovery"); *see generally* Dkt. 398 (Metricolor Opp. to Mot. for Sanctions). And between the May 2023 hearing—at which L'Oréal noted D'Amico's failure to counter Paul French's declaration that relevant materials had been deleted—and L'Oréal's most recent sanctions motion, D'Amico had submitted three more declarations, none of which addressed deleted evidence.  Dkt. 318-3; Dkt. 336-18; Dkt 354-4; Dkt. 395-1. It was therefore ordinary and fair reply fodder for L'Oréal to note that D'Amico did not address L'Oréal's evidence that he deleted evidence in his declaration.

And even then, Metricolor had options to present the declaration before the Court entered its Order. Metricolor could have sought leave to file a sur-reply. And Metricolor told the Court it could provide a declaration from D'Amico "forthwith" if the Court wanted one. Colt Decl. Ex. 1, March 25, 2024 Hrg. Tr. at 18:15-18.  The Court did not request a declaration, and in the four days between the hearing and the Court entering its Order, Metricolor provided none.

Once again, the Court can stop here because Metricolor has identified no permissible basis for reconsideration. But in any event, D'Amico's belated declaration in no way undermines the Court's Order. The declaration itself is hedged and carefully worded. It does not "address French's opinion that a significant number of documents were deleted during this litigation, or that other documents may have been permanently lost." Dkt. 414 at 18-19. Nor does it address how D'Amico's computer could have been altered after Metricolor represented that it was "dead." Dkt. 414 at 18. And D'Amico does not even declare that he never deleted files from his computer during a period when he had an obligation to preserve them—the

declaration appears cabined to the time period "between the time Kevin Cohen imaged my computer and the time L'Oréal's expert imaged my computer." Dkt. 419-3, ¶3. And even if D'Amico did not intend to limit his declaration to those few months, he nowhere denies deleting documents and says only that he did not do so "with any willful intent or nefarious motive." *Id.*

The Court knew Metricolor's position that D'Amico could provide a declaration when it entered its Order and that Metricolor maintained that D'Amico did not intentionally delete documents. And although the Court noted L'Oréal's argument that Metricolor "'does not dispute that [some] responsive documents had every instance of them deleted,' and has 'provided no declaration or testimony from D'Amico attesting that he did not delete responsive documents or alter his computer after it was subject to a forensic hold,'" those observations do not appear to have been the basis for its decision on that fact. Dkt. 414 at 19. At the hearing, the Court noted, "Mr. D'Amico has disappointed the Court on so many occasions with fabrication of evidence and being complicit in the failure to produce other evidence, something as major as the Cohen Image, for example, should have been disclosed." Colt. Decl. Ex. 1, Mar. 25, 2024 Hrg. Tr. at 12:13-17.  D'Amico's belated declaration therefore does not call into question any part of the Court's order, particularly when the Court has already concluded D'Amico's explanations are not credible.

### D. *Reconsideration is further unwarranted because Metricolor leaves substantial independent grounds for the Court's decision unrebutted.*

Reconsideration is further unwarranted because Metricolor's arguments do not even address the bulk of the Court's order. The Court made numerous findings that fully support its Order and that Metricolor's reconsideration motion does not address. These include:

1. That Metricolor knowingly withheld relevant documents. Dkt. 414 at 19 n.5.

2. That Metricolor repeatedly failed to "address why it was not obligated

to disclose" multiple pieces of withheld evidence. Dkt. 414 at 19-26

3.  That "plaintiff has repeatedly withheld responsive evidence from defendants" and did not "explain why it was not obligated to disclose such documents upon their discovery." Dkt. 414 at 31.

4.  That Metricolor withheld "at least 280 relevant and responsive documents, including documents that (1) undercut plaintiffs claim that it had developed a first-generation system; (2) undercut plaintiffs claim that it disclosed its alleged trade secret to defendants in its initial presentations; (3) reveal past instances where Sal admitted to fabricating evidence; and (4) call into question the veracity of previously disclosed evidence." Dkt. 414 at 31

5.  That "newly discovered evidence after the conclusion of the forensic review of the Cohen Image allegedly shows 'D'Amico's prior dishonesty'" and that the "documents … show that Sal has fabricated the results of studies that he knew were 'total bullshit and a lie' and presented them as true in the past." Dkt. 414 at 27 (quoting Dkt. 379 at 15).

6.  That "prolonged discovery disputes and multiple forensic reviews have revealed that plaintiff (particularly Sal D'Amico) has repeatedly fabricated, destroyed, and withheld evidence in this action." Dkt. 414 at 29-30.

7.  That "the forensic review revealed other instances where Sal has willfully fabricated documents." Dkt. 414 at 30.

8.  That "the fabricated portions of MC000613, MC00093-94, MC000043-46, MC000047, and MC000088-92 are far too detailed to be reasonably viewed as a mere attempt by Sal to share information with Metricolor's lawyers." Dkt. 414 at 30-31

9.  That "altogether, the evidence suggests that the fabrication of these

documents was the result of willfulness, bad faith, and fault." Dkt. 414 at 31.

10. That "[t]he limited evidence suggesting the existence and conveyance of a trade secret was largely fabricated by Sal." Dkt. 414 at 34.

11. That "[t]his was such a case" "[w]here a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate." Dkt. 414 at 34 (quoting *Connecticut Gen. Life Ins. Co.*, 482 F.3d at 1097).

## III.    THE COURT SHOULD IMPOSE SANCTIONS.

Beyond denying reconsideration, L'Oréal also requests that the Court impose sanctions on Metricolor because Metricolor flagrantly violated the Court's rules governing reconsideration. Under Local Rule 83-7, "a Court may impose any sanctions that the Court deems appropriate under the circumstances for any willful, grossly negligent, or reckless conduct that violates or fails to conform to any Local Rule." *Lorenzo Vargas v. City of Los Angeles*, Case No. 2:16-cv-08684-SVW-AFM, 2018 WL 10231166, at *3 (C.D. Cal. Nov. 14, 2018). The Court may also award attorney's fees for "bad faith" or "willful disobedience." L.R. 83-7. Courts in this district award sanctions under Rule 83-7 when parties disregard Local Rule 7-18's strict limits on reconsideration motions. *See id.*; *Bal Seal Eng'g, Inc. v. Nelson Prod., Inc.*, No. 8:13-cv-01880-JLS-KES, 2019 WL 2879879, at *2 (C.D. Cal. Apr. 23, 2019) (denying reconsideration and sanctioning party for filing reconsideration motion "almost entirely predicated on 'new evidence that the Court has found to be neither new nor persuasive); *Graves v. Atl. Express*, No. CV-07-6002-PSG-FMOx, 2008 WL 11343068, at *3 (C.D. Cal. Mar. 20, 2008) (sanctioning party under L.R. 83-7 in part due to plaintiff's "filing motions for reconsideration without having the requisite legal basis to do so").  In addition, "[u]nder its 'inherent powers,' a district court may also award sanctions in the form of attorneys' fees against a party or counsel who acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'"

*Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (citation omitted). (affirming dismissal and monetary awards as sanctions for spoliation).

Metricolor's motion recklessly or willfully violated Local Rule 7-18. L'Oréal informed Metricolor during the meet-and-confer that Metricolor's description of its motion would violate Local Rule 7-18. Colt Decl ¶ 6 & Ex. 2; *see Lorenzo Vargas*, 2018 WL 10231166 at *3 ("the fact that Defendants' counsel had prior notice of her motion's deficiencies, the Court finds that Defendants' counsel's conduct was at least reckless and grossly negligent"). Metricolor then demonstrated that it knew about Local Rule 7-18's limits on reconsideration when it cited and discussed the rule as the only authority authorizing its motion. Mot. 2. Metricolor then disregarded the rule's clear limits. When attempting to justify providing the Court with purportedly new "material fact[s]" under L.R. 7-18(a), Metricolor omitted the portion of the rule requiring that the fact "could not have been known to the party moving for reconsideration at the time the Order was entered." L.R. 7-18(a); *see* Mot. 1 ("Plaintiff has never had the opportunity to affirmatively present its case. Therefore, there exists "a material difference in fact… from that presented to the Court"). Metricolor made no attempt to justify its unclean hands argument under Local Rule 7-18. And D'Amico's belated declaration also contains information previously known to Metricolor that Metricolor could have presented before the Court entered its Order.

Metricolor cited not a single case in its motion that supported seeking reconsideration on any of its grounds. Indeed, a brief search of case law would have revealed courts imposing sanctions on parties that sought reconsideration based on the same argument Metricolor advanced here—that evidence was not "'available' to *the Court*,"—instead of under Rule 7-18's requirement that the evidence "'in the exercise of reasonable diligence could not have been known to *the party* moving for reconsideration' at the time of the prior order." *Bal Seal Eng'g, Inc v. Nelson Prod., Inc*, No. 813CV01880JLSKES, 2019 WL 2879879, at *1 (C.D. Cal. Apr. 23, 2019);

*see also Lorenzo Vargas*, 2018 WL 10231166, at *3-4 (imposing sanctions for relitigating the merits). L'Oréal accordingly requests that the Court impose monetary sanctions on Metricolor and/or its counsel – or issue an order to show cause why sanctions should not be imposed – in the amount of $60,000, which represents the cost to L'Oréal of opposing Metricolor's improper motion for reconsideration.  Oxley Decl. ¶ 5.

## IV.   CONCLUSION

L'Oréal respectfully requests that the Court deny Metricolor's motion for reconsideration and impose monetary sanctions in the amount of $60,000.

Dated:      April 22, 2024            ORRICK, HERRINGTON & SUTCLIFFE LLP


By: */s/ Angela Colt*
     Angela Colt

Richard F. Martinelli (*pro hac vice*)
rmartinelli@orrick.com
Angela Colt (CA SBN 286275)
acolt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51        West        52nd        Street
New York, NY 10019-6142
Telephone:  +1 212 506 5000
Facsimile:   +1 212 506 5151

William M. Oxley (CA SBN 136793)
woxley@orrick.com
Meghan Rohling Kelly (CA SBN 292236)
meghan.kelly@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA 90071-1596
Telephone:  +1 213 629 2020
Facsimile:   +1 213 612 2499

*Attorneys for Defendants, Counterclaimants, and Third-Party Plaintiffs L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., And Redken 5th Avenue NYC, LLC*

1       The undersigned, counsel of record for Defendants, certifies that this brief

2   contains 4,388 words, which complies with the word limit of L.R. 11-6.1.

3

4   Dated:      April 22, 2024          ORRICK, HERRINGTON & SUTCLIFFE LLP

5

6                                 By: */s/ Angela Colt*
                                      Angela Colt

7                                   *Attorneys for Defendants*

8                                   *L'Oréal USA, Inc.,*
                                *L'Oréal USA Products, Inc.,*

9                                   *L'Oréal USA S/D, Inc., and*
                                *Redken 5th Avenue NYC, LLC*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28