**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

<table>
<tr><td>

METRICOLOR LLC,

     Plaintiff - Appellant,

v.

L OREAL USA, INC; L OREAL USA PRODUCTS, INC.; L OREAL USA S D INC; REDKEN 5TH AVENUE NYC, LLC,

     Defendants - Appellees.

</td><td>

No. 24-3747

D.C. No. 2:18-cv-00364-CAS-E

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted October 22, 2025
Pasadena, California

Before: R. NELSON and VANDYKE, Circuit Judges, and COLE, District Judge.[**]

Plaintiff-Appellant Metricolor LLC appeals the district court's order dismissing its trade secret misappropriation case as a sanction for fabricating,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Douglas Russell Cole, United States District Judge for the Southern District of Ohio, sitting by designation.

withholding, and destroying evidence.  We have jurisdiction under 28 U.S.C. § 1291.

We review the imposition of discovery sanctions for abuse of discretion.  *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

And we do not set aside factual findings underlying a sanctions order unless they are clearly erroneous.  *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995).  We affirm.

1.     The district court did not abuse its discretion by imposing a terminating sanction under Federal Rule of Civil Procedure 37, its inherent powers, or both.  *See* Fed. R. Civ. P. 37(b)(2)(A); *Anheuser-Busch*, 69 F.3d at 348.  The district court properly applied our multi-part "test" to determine the appropriateness of a case-dispositive discovery sanction.  *See Conn. Gen.*, 482 F.3d at 1096.  "This 'test' is not mechanical.  It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow."  *Id.*

Given the sheer volume of Metricolor's misconduct in the record—and Metricolor's unimpressive excuses both below and on appeal—the district court's conclusion that Metricolor's misconduct resulted from "willfulness, bad faith, and fault" was not clearly erroneous.  *Id.*  Metricolor forfeited any arguments about "the public's interest in expeditious resolution of litigation" and the district court's "need to manage its dockets" by not addressing these factors below or in its opening brief.

24-3747

*Id.* And L'Oréal was at significant "risk of prejudice" because Metricolor deleted evidence that could have been relevant to L'Oréal's claims. *Id.*; *see Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960 (9th Cir. 2006). Further, "public policy favoring disposition of cases on their merits" weighs against Metricolor because its misconduct made "it impossible for [the] court to be confident that the parties [would] ever have access to the true facts." *Conn. Gen.*, 482 at 1096–97 (cleaned up). And not only did the district court find that Metricolor's actions "cast doubt on the veracity and integrity of all evidence in this case," it also found very little non-fabricated evidence to support Metricolor's claims on the merits. *See id.* at 1097. These conclusions were not clearly erroneous. Finally, the district court properly considered "the availability of less drastic sanctions," *id.* at 1096, implemented lesser sanctions first, and warned Metricolor of the possibility of dismissal. Together, these factors make clear that the district court did not abuse its discretion by issuing a terminating sanction for Metricolor's fabrication, withholding, and destruction of evidence.

Metricolor's arguments to the contrary are either forfeited or wholly unpersuasive. First, because Metricolor never argued to the district court that it needed to segregate its sanctions analysis by type of document or spoliation, Metricolor forfeited its argument about cumulative sanctions. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1063 n.3 (9th Cir. 2007). In any event, this

24-3747

argument fails because "all the misconduct is of the same type: discovery abuses." *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).  Second, the district court sanctioned Metricolor for fabricating, deleting, and withholding documents—not for waiting too long to turn over an expert's computer forensic report that evidenced some of these violations.  Metricolor misapprehends the district court's order on this point.  Finally, Metricolor's arguments about the availability of lesser sanctions fail because the district court did consider and reject lesser sanctions.  *See Conn. Gen.*, 483 F.3d at 1096.

2.     Metricolor's argument that the district court failed to make the necessary findings under Federal Rule of Civil Procedure 37(e) to impose a sanction for destroying evidence also fails.  Metricolor forfeited this argument by failing to argue below that the district court had to make a different set of findings.  *See O'Guinn*, 502 F.3d at 1063 n.3.  Regardless, the district court evaluated the appropriate factors and made the findings necessary to satisfy Rule 37(e), even if it did not explicitly invoke that rule.  *See Jones v. Riot Hosp. Grp.*, 95 F.4th 730, 735 (9th Cir. 2024).  The court found that the information was permanently lost, Metricolor acted with the intent to deprive L'Oréal of the ESI in the litigation, and lesser sanctions could not address the deletion.  *See* Fed. R. Civ. P. 37(e)(2). Additionally, any error stemming from the court not relying on Rule 37(e) was harmless because Metricolor's misconduct also included withholding and

24-3747

fabricating evidence, not just destroying ESI. Whether under Rule 37, its inherent powers, or both, the district court did not abuse its discretion by imposing terminating sanctions.

**AFFIRMED.**

24-3747

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

### Judgment
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

### Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

### Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)

### (1) Purpose
#### A. Panel Rehearing:
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ➢ A material point of fact or law was overlooked in the decision;
  - ➢ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ➢ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

#### B. Rehearing En Banc
- A party should seek en banc rehearing only if one or more of the following grounds exist:
  - ➢ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
  - ➢ The proceeding involves a question of exceptional importance; or

Post Judgment Form - Rev. 8/2025

> ➤ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d). The deadlines for seeking reconsideration of a non-dispositive order are set forth in 9th Cir. R. 27-10(a)(2).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

2

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➢ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➢ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

3

Post Judgment Form - Rev. 8/2025

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to *(party name(s))*:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**                          **Date**

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 10**                                           *Rev. 12/01/2021*